**BRAITHWAITE v WARD**

Ohio Appeals, 9th Dist, Lorain Co.

No. 909. Decided May 4, 1939.

Fauver & Fauver, Elyria, for appellee.
Stevens & Stevens, Elyria, for appellant.

### OPINION

PER CURIAM:

The parties will be referred to as they appeared in the Common Pleas Court.

Plaintiff, who was admittedly a guest, sued the defendant, with whom she was

riding, to recover damages for an injury which she claimed was caused by the wanton misconduct of the defendant.

At the conclusion of all of the evidence, the court overruled a motion to direct a verdict in favor of defendant based on his claim that the evidence did not disclose a state of facts which constituted wanton misconduct on his part. A verdict for the plaintiff was returned, upon which judgment was entered.

The only question of law submitted to this court is as to whether the trial court should have determined that, as a matter of law, the defendant was not guilty of wanton misconduct.

In many particulars there is no dispute in the evidence. The car driven by the defendant was equipped with smooth tires, the tread of which had been worn off. It was being driven along an improved highway, the surface of which was either asphalt or macadam, which was rough and uneven and contained pools of water. The time of the accident was after midnight, and it had been raining most of the night. All of these conditions and hazards were known to the defendant.

There is no dispute in the evidence as to the car skidding and passing over a ditch, striking and breaking off a telephone pole, turning over and traveling more than 50 feet beyond the pole and throwing both the plaintiff and defendant out of the car and very seriously injuring plaintiff.

There is a dispute in the evidence as to the speed at which the car was being driven—the plaintiff testifying that she looked at the speedometer just before the accident and that is was registering 70 miles an hour, and the defendant saying that he too looked at the speedometer about the same time and that it was registering about 40 to 45 miles an hour.

The plaintiff also testified that just before the accident, owing to her being jolted, she called the defendant's attention to the speed and to the hazard of traveling at such speed under the then existing conditions, and remonstrated with him and asked him to slow up, and that he laughed at and disregarded her remonstrance; and the defendant, while not denying such conversation, testified that he did not remember anything of that nature being said just before the accident. *

The defendant also testified that, while he was familiar with the road and its condition, and while it had been raining most of the night, he did not know that the road was slippery. It is not claimed that the defendant purposely or intentionally injured the plaintiff.

There are various cases in the Supreme court of Ohio where the court has stated what would constitute wanton misconduct, and the language used has varied, and there are also cases in which the Supreme Court has refused to determine as a matter of law that there was no wanton misconduct.

We have read and considered all of these cases, as well as the excellent briefs of the attorneys in this case, and we are of the opinion that in this case it was the province of the jury to determine the disputes as to speed, and as to remonstrance by the plaintiff and disregard thereof by the defendant; and in connection with their findings as to such facts, it was their duty to take into consideration the rough and uneven condition of the highway, the presence of pools of water thereon and as to whether the surface was slippery, the smooth condition of the tread of the tires and their lack of traction, the time of night and the condition of the weather, and all of the evidence as to the conditions under which the car was driven, and then determine whether the defendant failed to exercise any care for the safety of the plaintiff when he had knowledge of the great probability of harm to her which the exercise of care might avert, and exhibited a reckless disregard of her safety and the consequences.

Judgment affirmed.

WASHBURN, PJ., DOYLE, J., and STEVENS, J., concur.