EDWARDS *v.* JEFFERS.

4-6757

162 S. W. 2d 472

Opinion delivered June 1, 1942.

*Miles & Young* and *Mark Woolsey,* for appellant.

*Carter & Taylor, J. E. Yates* and *Partain & Agee,* for appellee.

HOLT, J. Appellee, Esther Jeffers, and Gordon Jeffers, her husband, joined in a suit under our guest statute against appellants, Irene Edwards and Chester Edwards, in the Franklin circuit court, Ozark district. Esther Jeffers sought to recover $15,000 to compensate personal injuries alleged to have been received by her while riding

in an automobile owned by appellants and which was overturned. Gordon Jeffers sought to recover $2,500 for loss of services, etc. When the case was reached for trial Gordon Jeffers took a nonsuit without prejudice.

Esther Jeffers alleged in her complaint that she was riding in appellants' Buick automobile ''at the specific request and insistence of appellants and for their benefit''; that Mrs. Edwards drove the car at a reckless, dangerous and unlawful rate of speed and that while attempting to negotiate a curve on the gravel highway, the car left the road, turned over in a ditch, and as a result she was seriously injured.

She further alleged that her injuries were caused by the willful and gross carelessness of appellants in that Irene Edwards operated the car at a careless and unlawful rate of speed and that her ''action and conduct amounted to willful and gross negligence.''

Appellants denied every material allegation in the complaint and affirmatively pleaded that appellee, Esther Jeffers, was a guest of appellants at the time of the alleged injuries to her and is barred from recovery of damages under our ''guest statute,'' §§ 1302-1304 of Pope's Digest.

A jury awarded Mrs. Jeffers damages in the amount of $3,500 and from the judgment on this verdict comes this appeal.

This cause was tried by the court below on the theory that Esther Jeffers was a guest in appellants' car at the time of the alleged injury. This is clearly shown by the instructions given. Under § 1302 of Pope's Digest a guest is denied the right to recover ''unless such automotive vehicle was willfully and wantonly operated in disregard of the rights of the others.'' Section 1303 provides ''The term guest as used in this act shall mean self-invited guest or guest at suffrance.'' Section 1304 is similar in effect to § 1302 except under this provision certain persons there named are denied the right of recovery under any circumstances.

Appellee requested seven instructions, all of which the court gave. Appellants also requested seven instruc-

tions, four of which the court gave. In the instructions requested and given on behalf of the appellee, and those requested and given on behalf of the appellants, the trial court submitted but one issue and that was if appellee, Esther Jeffers, was being transported as a guest in an automobile operated by appellants and that appellant, Mrs. Edwards, drove and operated the car in a willful and wanton manner in disregard of the rights of Esther Jeffers, and such operation amounted to willful and wanton misconduct or negligence on the part of the driver of the car, and as a result Esther Jeffers was injured, then Esther Jeffers should recover. No instruction was requested by either party, and none was given by the court, on the theory that appellee was not a guest at the time of the injury, in which event it would have only been necessary for appellee, Esther Jeffers, to show that appellant, Irene Edwards, failed to use ordinary care in the operation of the car at the time it turned over and injured appellee.

While appellee argues here that she was not a guest within the terms of the statute, *supra*, it is too late to raise that issue here for the first time. In *Brown* v. *LeMay,* 101 Ark. 95, 141 S. W. 759, this court said: "The rule is well settled that when a cause is tried in the lower court upon a definite theory, it cannot for the first time be contended in this court that it should have been tried upon a different one."

And in *Southern Insurance Company* v. *Hastings,* 64 Ark. 253, 41 S. W. 1093, this court said: "There was evidence to justify the instructions given. The appellant did not ask the court below to present to the jury the theory of the case it contends for here. Therefore, it cannot complain."

The primary question presented, and the one decisive of this case, therefore, is: Were the injuries complained of by appellee, Esther Jeffers, occasioned by the willful and wanton negligence of Irene Edwards in the operation of the automobile?

The evidence is to the effect that appellee and appellants were good friends. The Edwards were visitors in the home of appellee in the morning before the accident

in the afternoon. On Sunday afternoon, October 13, 1940, while appellee, Esther Jeffers, was a guest in appellants' Buick sedan automobile at a point on state highway No. 96 near Cecil, Franklin county, Arkansas, where the highway makes a sharp or "square" turn, Mrs. Edwards, the driver, lost control of the car, it skidded on the gravel, left the highway and turned over on its side in a ditch and Esther Jeffers was injured. At the time of the accident, Mrs. Jeffers was riding on the front seat with Mrs. Edwards and Mrs. Edwards' husband and their three-year-old daughter were on the back seat. Appellee estimated the speed of the car at between sixty and seventy miles per hour, "maybe faster." Mrs. Edwards estimated the speed at between forty and fifty.

Mrs. Jeffers also testified: "A. I called Mrs. Edwards down two or three times and told her she was driving too fast and told her she couldn't drive that fast over a gravel road with curves in it and I called her down two or three times. Q. What did you say to her in substance? A. I would say, 'Irene, you are driving too fast over this road,' and we would come to a sign and I would say, 'There is a curve or a turn,' and I told her that this gravel was loose. Q. What would she say in response to you? A. She said she knew how to drive, I believe that's what she said, and went on. Q. Did she slow down on these occasions? A. No, sir."

Grady Bearden testified that he heard Mr. Edwards say to his wife: "You wasn't driving less than seventy or eighty." And as to the extent of the damages to the car, Mr. Bearden further testified: "Q. Did you look at the automobile? A. Yes, I came back by that evening and looked at it. Q. Had they taken the car out of there? A. No, sir. Q. What did it do to the automobile? A. I couldn't tell it did anything, only probably mashed the fender next to the ground."

From the evidence, which includes a plat, it appears that Mrs. Edwards had negotiated a sharp turn in the road a quarter of a mile before the point of the accident. It is our view that this testimony falls far short of that degree of willful and wanton misconduct on the part of appellant, driver of the car, that would warrant recovery

under the statute, *supra,* on the part of Mrs. Jeffers, appellants' guest.

In a recent case, *Splawn, Admx.,* v. *Wright,* 198 Ark. 197, 128 S. W. 2d 248, wherein recovery was sought under the provisions of our guest statute, we said: "To show ordinary or simple negligence is not enough, in fact it would not be sufficient if gross negligence were shown.

"This court has laid down the rule that in order to sustain a recovery under our guest statute, *supra,* the negligence must be of a greater degree than even gross negligence, that it must be willful or wanton. In the recent case of *Froman* v. *J. R. Kelley Stave & Heading Co.,* 196 Ark. 808, 120 S. W. 2d 164, the difference between gross and willful and wanton negligence is very clearly defined. We quote from the opinion as follows: 'The Supreme Court of Vermont points out the distinction in the case of *Sorrell* v. *White,* 103 Vt. 277, 153 Atl. 359, in an opinion which comports with our own decisions on the question. Malcolm, in his work on Automobile Guest Law, quotes from that case as follows: ''. . . Our inquiry must be directed to the difference between gross negligence and willful negligence. There is a distinction between them. Willful negligence is a greater degree of negligence than gross. . . . Willful negligence means a failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another. . . . Gross negligence falls short of being such reckless disregard of probable consequence as is equivalent to a willful and intentional wrong. . . . Willful negligence involves the element of conduct equivalent to a so-called constructive intent. . . .'' '

"(Quoting with approval from a Louisiana case) Cases will rarely arise in which it can be shown to a court's satisfaction that collisions or upsets of automobiles, with resultant injury to guests, occur because of 'willful misconduct' of the operator. Those who operate automobiles should have (and when mentally normal, do have) a conscious desire to avert injury to themselves in such operation, at least co-extensive with that not to

injure their guests; and since to operate a car in a willfully negligent manner offers a threat to security from injury as great to the operator as it does to the guest, evidence to prove that grade of negligence should be unusually strong and convincing before the operator can and will be convicted of such.''

In the instant case, as has been indicated, the Edwards and the Jeffers were good friends. At the time of the accident, Mrs. Edwards' husband and their three-year-old daughter were riding on the back seat. While unquestionably Mrs. Edwards was driving too fast and lost control of the car at the time she attempted to negotiate the curve where the car overturned, the physical facts surrounding the overturning of the car demonstrate that she had not attained the speed of seventy or eighty miles an hour, in the distance of a quarter of a mile from the, sharp curve that she had just negotiated, and certainly the undisputed fact that the car had skidded on the gravel and turned over on its side in the ditch and sustained very little damage shows that it could not have been going at the high rate of speed estimated by appellee's witnesses.

Grady Bearden, the only witness who testified as to the extent of the damage to the car, said ''I couldn't tell it did anything, only probably mashed the fender next to the ground.''

It is not claimed that any of the other people in the car received any injury. If it could be said that Mrs. Edwards' conduct in driving the car amounted to gross negligence (and we do not think it did) still this is not sufficient to warrant recovery under the statute, *supra.*

We conclude, therefore, that the judgment must be reversed, and as the cause appears to have been fully developed, it will be dismissed.

HUMPHREYS, J., (dissenting). The question involved upon this appeal is: Were the injuries complained of by appellee, Esther Jeffers, occasioned by the willful and wanton negligence of Irene Edwards in the operation of the automobile? This question was submitted to the jury,

and the jury found that at the time of the injury Irene Edwards was operating the automobile in a willful and wanton manner, and appellant is bound by the verdict of the jury. The verdict of the jury is supported by practically the undisputed evidence in the case. The positive evidence shows that she was driving the automobile over a gravel road with very sharp curves in it at about seventy miles an hour, or so rapidly that she could not negotiate the curves without running the automobile into the ditch. Appellee protested at the speed she was driving and requested her to slow down two or three times. Irene Edwards responded by saying that she knew how to drive her car and how fast to go. I think this clearly shows and warranted the jury in finding that she willfully and wantonly drove the car at such a speed as to endanger the lives of everyone in the car. There is nothing in the record to show that the jury rendered its verdict through passion and prejudice, and without such a showing the court is without authority to strike down the verdict and dismiss the cause of action.

I, therefore, most respectfully dissent from the majority opinion.