Williams, J.
 

 The sole question is whether the trial court committed prejudicial error in overruling defendant’s motion for a directed verdict in his favor, the defendant’s contention being that the evidence did not require the court to submit to the jury the issue of wanton misconduct, upon which the plaintiff, as a guest, grounded his action.
 

 To determine this question requires an application' oí the Guest Statute, Section 6308-6, General Code, which reads as follows:
 

 "The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.”
 

 Wantonness is essentially an attitude of mind and imparts to an act of misconduct a tortious character.
 
 *83
 
 This principle is consonant with the statement in
 
 Universal Concrete Pipe Co.
 
 v.
 
 Bassett,
 
 130 Ohio St., 567, 200 N. E., 843, that “wanton misconduct is such as manifests a disposition to perversity.” Such a disposition or mental state is shown by a person, when, notwithstanding his conscious and timely knowledge of an approach to an unusual danger and of common probability of injury to others, he proceeds into the presence ■of the danger, with indifference to consequences and with absence of all care. This statement of the rule ■ contains the essence of general principles heretofore pronounced by this court.
 
 Universal Concrete Pipe Co.
 
 v.
 
 Bassett, supra; Vecchio
 
 v.
 
 Vecchio,
 
 131 Ohio St., 59, 1 N. E. (2d), 624;
 
 Morrow
 
 v.
 
 Hume, Admx.,
 
 131 Ohio St., 319, 3 N. E. (2d), 39;
 
 Akers
 
 v.
 
 Stirn,
 
 136 Ohio St., 245, 25 N. E. (2d), 286.
 

 The inquiry here is somewhat narrowed and pertains to the respective rights and obligations of the operator ■of a motor vehicle moving forward on a public highway and a guest riding therein. With respect thereto the rule has been stated in
 
 Morrow
 
 v.
 
 Hume, Admx., supra,
 
 at page 324, in this manner: “* * * wantonness can never be predicated upon speed alone; but when the concomitant facts show an unusually dangerous situation and a consciousness on the part of the driver that his conduct will in common probability result in injury to another of whose dangerous position he is aware, and he drives on without any care whatever, and without slackening his speed, in utter heedlessness of the other person’s jeopardy, speed plus such unusually dangerous surroundings and knowing disregard of.another’s safety may amount to wantonness.”
 

 In the case at bar the defendant’s state of mind is disclosed by the circumstances that transpired before and at the time of the accident. The defendant testi.fied that he saw the stop sign and light when his auto
 
 *84
 
 mobile was some distance south of Himrod avenue; that he stopped at the curb before crossing, looked both ways, but could not see “very good” over the hedge on his right hand side; that he then started to cross the intersection; and that he had gotten nearly across when a west-bound automobile hit the rear end of his automobile. But in determining whether the trial court should have directed a verdict for the defendant, the reviewing court looks only to the evidence favorable to plaintiff.
 

 Plaintiff called several witnesses who testified that the defendant did not stop before crossing Himrod avenue, but, without slowing up, went through the intersection at a speed that varied according to plaintiff’s witnesses, from 35 to 50 miles per hour, notwithstanding his view was obstructed by the hedge and house on the southeast corner and the dairy store on the southwest corner.
 

 There was an automobile facing south which had stopped for the stop sign on Medina avenue just north of Himrod avenue and when the west-bound car hit defendant’s automobile it was driven into this stopped automobile and the defendant’s automobile went on for a distance of sixty feet and came to a stop on the east sidewalk of Medina avenue with the front wheels just off in the field.
 

 If the facts testified to by the defendant are accepted as true there was no wantonness. Yet his evidence, insofar as favorable to plaintiff, contained an admission, as heretofore appears, that defendant saw the stop signals in time to stop. This admission coupled with the testimony of plaintiff’s witnesses show that defendant went across Himrod avenue deliberately and at a high rate of speed disregarding the injunction to stop although cognizant of it.
 

 The violation of an ordinance or a state law requiring a person to stop before crossing a main thoroughfare is ordinarily negligence
 
 per se;
 
 but when there
 
 *85
 
 is evidence, as there is in this case, that a defendant in operating his automobile approaches a dangerous highway crossing, along which his view is obstructed, and, with conscious and timely knowledge of the existence of a stop signal, marking the intersecting highway as a main thoroughfare, drives on at a high and dangerous speed and in disregard of the injunction to stop, a question of fact as to wanton misconduct is presented for the determination of the jury under instructions of' the court.
 

 The only question raised herein, as heretofore indicated, relates to the issue of wanton misconduct. The evidence favorable to plaintiff shows the presence of all the elements essential to maintain the affirmative of that issue, and upon a consideration of all the evidence bearing thereon, reasonable minds might well reach different conclusions. Consequently the judgment must be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.