Zimmerman, J.,
 

 dissenting. Under the evidence in this case as we view it, a jury question was presented as to whether the driver of the automobile was chargeable with wanton misconduct within the meaning and intent of the Ohio “guest statute,” Section 6308-6, General Code.
 

 The jury was warranted in finding from the evidence that the driver operated the vehicle for at least 300
 
 *49
 
 feet at a speed of 40 miles per hour, or faster, in a heavy rain storm, with the windshield wiper not working and unable to see the road ahead of him; that when he was 150 feet from a concrete culvert, the right wheels of the automobile left the paved portion of the highway and got onto the berm, the tires making an impression in the berm three inches deep; and that the car crashed into the headwall of the culvert with such force as to raise the wall a foot and a half out of the ground, demolish the automobile, cause its hood to be thrown 20 feet and fatally injure the guest-passenger; That the automobile was being blindly and heedlessly driven at a speed of more than 40 miles per hour before and at the time of the collision could have been found from the testimony of the driver that he was “giving the car all the gas she would take and was picking up speed as 1 left the road and was going as fast as the car would go” and from the terrific impact of the car against the wall.
 

 Based upon the described conduct of the driver, which in our opinion showed a reckless disregard of consequences and the rights of others, the jury was justified in finding the existence of the elements comprising wanton misconduct as those elements have been set forth in the cases of
 
 Universal Concrete Pipe Co.
 
 v.
 
 Bassett,
 
 130 Ohio St., 567, 200 N. E., 843, 119 A. L. R., 646, and
 
 Masters
 
 v.
 
 New York Central Rd. Co.,
 
 147 Ohio St., 293, 70 N. E. (2d), 898. Writ of certiorari denied, 331 U. S., 836, 91 L. Ed., 1848, 67 S. Ct., 1519.
 

 If the facts developed in
 
 Jenkins
 
 v.
 
 Sharp,
 
 140 Ohio St., 80, 42 N. E. (2d), 755, made proper the submission of the case to the jury on the issue of wanton misconduct, as all the judges of this court participating in that case held, such matter was correctly left to the jury on the facts developed in the instant case.
 

 It should be remembered that the line of demarca
 
 *50
 
 tion between negligence and wanton misconduct is sometimes shadowy under the evidence, and in such instances a court should be careful not to substitute its judgment for that of a jury, in a field which belongs peculiarly to the latter.
 

 We can discover no sufficient reason for disturbing the judgments of the two courts below and would therefore affirm the judgment of the Court of Appeals.
 

 Weygandt, C. J., concurs in the foregoing dissenting opinion.