**MILJAK v. BOYLE.**

Common Pleas Court, Summit County.

No. 179657.   Decided March 3, 1952.

J. Alden Myers, of Myers, Myers & Myers, Akron, for plaintiff.

Charles E. Smoyer, of Smoyer & Smoyer, Akron, for defendant.

## OPINION

By WATTERS, J.

The jury was out several hours on Friday, February 8, 1952, when at about 3:30 p. m. the jury buzzed and upon attendance of bailiff they presented this question in writing to the court:

"The jury would like to have a written statement of the Court's definition of 'disposition to perversity.'"

By consent the jury was discharged until Monday at 9:00 o'clock a. m.

Counsel and the court over the week end separately studied what answer to give. It was agreed by counsel that the answer the court gave was proper, and it was worked out from a draft the court had prepared, the bulk of which came from **Jenkins v. Sharp, 140 Oh St 80,** top of page 83, 42 N. E. 2d 755, which answer in writing was as follows:

"The word 'disposition' as used is used in the sense of mental state, mental inclination or tendency.

"By 'perversity' is meant the quality of being perverse, that is, stubborn, obstinate, cantankerous, contrary, not disposed to be set right, wilfully erring, peevish.

"Taken together the expression 'disposition to perversity' is such a disposition or mental state as is manifested or shown by a person, who when notwithstanding his or her conscious and timely knowledge of an approach to an unusual danger, and of common probability of injury to others, proceeds into the presence of the danger with indifference to consequences and with absence of all care."

It was mutually agreed by counsel that if the court would add the words "wilfully erring" as requested by defendant's counsel, and the word "peevish" as requested by plaintiff's counsel, to the definition of "perversity," no objection would be raised, and the court did so.

The jury of course also had defendant's special request in writing before argument defining wanton misconduct, which defendant's counsel had based on **Johnson v. Gernon, 91 Oh Ap 529,** — N. E. 2d —, now relied on by the defendant, together with the authorities cited therein.

The jury returned a general verdict for plaintiff for $5,000, and answered the two interrogatories as follows:

As to No. 1, the jury answered "yes"—the defendant was guilty of wanton misconduct.

Interrogatory No. 2. "If the answer to question No. 1 is

yes, then state of what acts and omissions of the defendant such wanton misconduct consisted." Answer: "Such wanton misconduct consisted of a peevish disregard of request by other occupants of car to exercise more caution, thus constituting a disposition to perversity."

In the court's opinion, when you remember that the jury by consent had before them the court's written definition of disposition to perversity, which you certainly must read into the answer, the answer showed exceptional intelligence and is unassailable.

The jury avoided completely the pitfall that most juries enter in such a situation, whereby they attempt to set up items of failure to exercise due care or negligence. The question propounded and the answer thereto is one which would try the ingenuity of many very good lawyers and judges.

Such questions are tough enough when they call for simple facts or facts of simple negligence, but when you expect a jury of laymen to answer one hundred percent as to a question of wanton misconduct, over which our courts in Ohio have gone all the way from gross negligence and wilful and wanton negligence to wanton misconduct or wilful misconduct, it really becomes a difficult matter

And you must bear in mind that the court cannot aid the jury as to how they shall answer or what the effect of their answer may be.

I believe it highly possible to have an out and out wanton misconduct case and upset a plaintiff verdict fifty percent of the time by the inadvertent answer to such an interrogatory by a group of laymen.

The jury's answer is not inconsistent with the general verdict. They found the defendant guilty of wanton misconduct, and answered as to what it consisted of, without falling into the trap into which they fell in Johnson v. Gernon, supra.

It was a jury question, as was stated by the Supreme Court in **140 Oh St 80**, 42 N. E. 2d 755, supra, and in the unreported case of the Ninth District Court of Appeals, **Braithwaite v. Ward, 31 Abs 648**.

The two motions of defendant will be overruled and judgment will enter on the verdict, with exceptions.