**Myrtle G. DAVIS, Appellant,**

v.

**John W. KLAIBER, Appellee.**

No. 12532.

United States Court of Appeals
Sixth Circuit.

Feb. 17, 1956.

Gerald P. Openlander, Toledo, Ohio, Richard B. Swartzbaugh, Toledo, Ohio, on brief, for appellant.

Wayne E. Stichter, Toledo, Ohio, John R. Eastman, Eastman, Stichter & Smith, Toledo, Ohio, on brief, for appellee.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

The appellant filed this action in the Court of Common Pleas, Lucas County, Ohio, seeking damages of the appellee in the amount of $125,000.00 by reason of injuries suffered by her in an automobile accident which occurred while she was riding as a passenger and guest in a Cadillac automobile, owned and being operated at the time by the appellee. Following removal to the U. S. District Court, and the filing of an answer the case was tried to a jury. At the close of appellant's case the Court sustained appellee's motion for a directed verdict and entered judgment in his favor, from which this appeal was taken.

The case involves the application of the so-called "Guest Statute" in effect in Ohio. Gen.Code Ohio, § 6308-6, Section 4515.02, Revised Code of Ohio. It provides: "The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle." The complaint alleged that while the appellant was riding as a passenger and guest in the automobile being operated by the appellee on a public highway "said automobile left said highway at a point where said highway makes a 45 degree left turn and collided with a utility pole as a result of the wilful and wanton misconduct of defendant * * *," causing the injuries thereafter set out and complained of. The appellee's answer denied that he was guilty of any wilful or wanton misconduct.

The appellant testified about the facts pertaining to the accident as follows: The appellee, whom the appellant had met and with whom she had had dinner

about a year previously, had invited her to have dinner with him and was driving from the Press Club in down-town Toledo to an inn in Maumee, Ohio, on the outskirts of Toledo, for that purpose. The appellee was driving 50–55 miles per hour in a southerly direction on U. S. Route 2, where the maximum legal speed was 40 miles per hour; she was sitting on the front seat beside the driver; as the car approached a 45 degree left turn in the highway the appellee without warning took his right hand off the steering wheel, put it up in front of her face, knocking her hat back on her head as he did so, placed his arm around her shoulder, and attempted to kiss her. She was only able to exclaim, "Jack, watch what you're doing" when the accident happened, rendering her unconscious. There was evidence that a flashing signal was in operation at the turn, but the car went off the road and crashed into a telephone pole, approximately 18 inches thick, breaking it into three pieces, and stopped straddling the stump of the pole. On cross-examination the appellant testified that the relationship between them had been pleasant, and that prior to the incident complained of she had no occasion to complain about appellee's conduct or his driving.

In sustaining the motion for a directed verdict the District Judge gave a comprehensive oral opinion in which he reviewed the Ohio cases construing and applying the "Guest Statute" and defining wilful and wanton misconduct. Particular consideration was given to Universal Concrete Pipe Co. v. Bassett, 130 Ohio St. 567, 200 N.E. 843, 119 A.L.R. 646; Jenkins v. Sharp, 140 Ohio St. 80, 42 N.E.2d 755; Tighe v. Diamond, 149 Ohio St. 520, 80 N.E.2d 122; Helleren v. Dixon, 152 Ohio St. 40, 86 N.E.2d 777; and Birmelin v. Gist, 162 Ohio St. 98, 120 N.E.2d 711. Under the Ohio law as construed by those opinions he ruled as a matter of law on the uncontradicted facts that the conduct of the appellee was not wilful or wanton as required by the statute and did not constitute a cause of action in favor of the appellant.

We concur in the reasoning of the District Judge and in the conclusion reached by him.

The judgment is affirmed.