Bonnie L. Rench, a Minor, etc., Plaintiff-Appellee, v. Gary Bevard and Dwight Shaver, Defendants. Gary Bevard, Defendant-Appellant.

Gen. No. 10,310.

Third District.

February 21, 1961.

Rehearing denied April 5, 1961.

175

176

Arthur D. Young, of Lewistown, for appellant.

Chiperfield & Chiperfield, James F. Scott and Ralph Froehling, of Canton, for appellee.

CARROLL, PRESIDING JUSTICE.

This action was brought to recover damages for personal injuries sustained by plaintiff, Bonnie L. Rench, arising out of an automobile collision which occurred at the intersection of Route 95 and a gravel road known as the Smithfield Junction near Smithfield, Illinois.

The plaintiff was a passenger in the automobile driven by defendant, Gary Bevard. The suit was brought against Gary Bevard, her host, and Dwight Shaver, driver of the car which collided with them. The jury returned a verdict for the plaintiff, Bonnie L. Rench, in the amount of $11,000 against both defendants jointly. In addition the jury returned a special interrogatory finding the defendant Bevard guilty of wilful and wanton misconduct. Defendant Bevard's post-trial motion was overruled and the court entered judgment on the verdict. This appeal is taken by defendant Bevard only.

The complaint, as amended, charges the defendant Bevard with wilful and wanton misconduct in that

the defendant was alleged to have failed to heed a stop sign; that he failed to yield the right-of-way to the automobile driven by defendant Shaver; that he failed to keep a proper lookout; that he entered the intersection without first determining whether there might be vehicles on the preferential highway, approaching so closely as to constitute an immediate hazard; and that he otherwise operated his vehicle with a conscious indifference to the surrounding circumstances. The issues were joined on these allegations.

The errors relied on by defendant Bevard for reversal are multiple, and they will be considered separately following a summary of the evidence.

The collision occurred on October 21, 1955, at the intersection of Illinois Route 95 and a gravel road, which intersection is known as the Smithfield Junction. The plaintiff was 15 years of age at the time and did not drive an automobile. She was a guest of the appealing defendant, Bevard. The defendant was 19 years old, was an experienced driver and was familiar with the intersection. He was escorting the plaintiff to a social affair at the school in Cuba, Illinois, but was driving to Smithfield to make a social call before going on to Cuba. The defendant was southbound on the Smithfield gravel road and apparently came to a full stop in compliance with a stop sign located at the road's intersection with Illinois Route 95.

Illinois Route 95 is a paved east-west preferential highway approximately 18 feet in width. There was no obstruction to the vision to either the west or the east except that the road dipped about 550 feet to the west. The weather was clear and the road was dry. Apparently the accident occurred about the time the sun was setting, but there is no evidence that the sun interfered with the vision of either driver.

After coming to a stop at Route 95, the defendant looked to the west and to the east and proceeded

across the intersection. When he was about half way across the intersection he noticed lights of the eastbound Shaver automobile out of the corner of his eye and tried to accelerate his car to avoid a collision. He was unsuccessful and the front of the Shaver automobile struck the right rear of the Bevard car in the south half of Route 95. Approximately 5 or 6 seconds elapsed from the time that Bevard proceeded from his position 6 feet north of the pavement where he had stopped at the stop sign to the point of impact. The plaintiff testified that she had looked to the east and west upon coming to a stop at the intersection and observed no traffic. The defendant first observed the oncoming Shaver automobile when it was approximately 500 feet away, at which time he was half way across Illinois Route 95.

At the time of the impact, the rear wheels of the Bevard car were in the middle of the eastbound lane of Route 95. The defendant Shaver testified that he was 60 or 65 feet west of the intersection when Bevard pulled from his stopped position on the north side of Route 95. The impact caused both cars to spin, and the plaintiff was thrown from the Bevard automobile and rendered unconscious. She was taken to a hospital and subsequently received medical care. She was hospitalized for 14 days, having suffered multiple injuries. She suffered numerous cuts about her face and head, requiring 24 stitches. Her arms and legs were bruised and burned, and she experienced considerable pain and disability in her left shoulder. She received medical treatment and therapy for the shoulder but was unable to resume her previous employment because of pain and disability.

A witness, Charles Wust, testified that at the time of the collision, he was driving his automobile in a westerly direction on Route 95. He stated that when he was approximately 75 feet east of the intersection, he saw the southbound automobile of defendant Be-

vard, travelling between 35 and 55 miles an hour come up to the edge of the pavement of Route 95; that the automobile paused with its brake lights flashing and immediately proceeded across the intersection and that immediately thereafter, the collision occurred. That portion of the witness' testimony to the effect that defendant Bevard's automobile did not come to a complete stop, and that Bevard's automobile was travelling between 35 and 55 miles an hour immediately prior to its crossing Route 95, was objected to by defendant Bevard and the jury was subsequently ordered by the court to ignore such testimony as far as the defendant Bevard was concerned. The basis of the objection and the ruling thereon was that the plaintiff herself had admitted that the defendant had not exceeded 35 miles an hour and that he had come to a full stop at the intersection.

The first three errors urged concern the proof of wilful and wanton misconduct, as disclosed by the evidence, its causal connection with the injuries complained of and the alleged contributory wilful and wanton misconduct of the plaintiff. Suffice to say the court cannot substitute its opinion on controverted questions of fact for that of the jury. The proofs here are such as to be readily susceptible to plaintiff's theory that the defendant Bevard's conduct constituted a conscious indifference to the surrounding circumstances. The mere fact that we might differ with a jury in opinion as to conclusions drawn from certain evidence would not warrant reversing a result that can be sustained by the evidence. We believe such result can so be sustained in the instant case. The jury's answer to the special interrogatory adds weight to this proposition. The jury may have rightfully concluded that any one of the specific allegations of misconduct on the part of Bevard were adequately demonstrated by the evidence adduced. For example, the jury may have relied on the defend-

ant Shaver's testimony that Bevard pulled out when the oncoming Shaver automobile was only 60 or 65 feet away. This may have been regarded by the jury as evidencing a complete lack of a lookout by Bevard or perhaps a conscious indifference to the hazard that the approaching Shaver automobile constituted. The jury undoubtedly believed that the plaintiff discharged her own duty of care in that she did look for oncoming traffic and saw none. She may have looked to the west prior to Bevard's attempting to cross the intersection. All such considerations are clearly matters for the jury. The general duty of a passenger has been frequently stated by this court and requires no extended discussion here. Bliss v. Knapp, 331 Ill. App. 45, 72 N.E.2d 566. We find nothing to support defendant's proposition that this plaintiff was guilty of contributory, wilful and wanton misconduct. As to the general proposition of submitting the question to the jury, we find there was sufficient evidence to warrant such submission, and the case seems well within the principles announced in Parrucci v. Kruse, 12 Ill. App.2d, 30, 138 N.E.2d 91. Defendant's authorities announce some accepted principles, but we do not consider them controlling or persuasive in this case.

■ The defendant further asserts that prejudicial error occurred because of the testimony of the witness Wust despite the court's ruling that it was not admissible against Bevard. In support thereof, defendant cites Huber v. Black and White Cab Company, 18 Ill. App.2d 186, 151 N.E.2d 641. We do not believe the question here to be whether or not this plaintiff made a judicial admission. The question is whether or not such prejudice was removed by the instruction of the court to the jury that the disputed testimony be disregarded as to the one objecting defendant. In the authority cited by defendant, Thillman v. Early, 340 Ill. App. 538, 92 N.W.2d 346, this court felt prejudicial error occurred because the defendant against whom

181

the disputed testimony was admitted was dismissed during the trial and that in such situation the subsequent admonition of the court to the jury was insufficient to remove the claimed prejudice. In the instant case, however, it is obvious that the subject matter of the disputed testimony was not offered by plaintiff to support her theory of liability nor is such testimony necessary to sustain the verdict of the jury. Since plaintiff's case did not and does not depend upon defendant Bevard's failure to come to a complete stop at the intersection, we believe that the court exercised its discretion in a sound manner and that no prejudicial error resulted. Moreover, it is not disclosed by the abstract or defendant's brief whether or not appropriate instructions as to this particular testimony were offered or given, and we must presume that the jury was adequately instructed in this regard. We therefore adopt the holding in Clark v. A. Bazzoni & Co., Inc., 7 Ill. App.2d 334, 129 N.E.2d 435.

■ ■ We cannot agree with defendant's argument that this case was prejudiced by the injection of the fact of insurance. It is undisputed, of course, that it is error to inform a jury of the existence of insurance coverage. Such proposition does not mean that any mention of insurance by anyone automatically constitutes good ground for mistrial. As a matter of fact, the introduction of insurance has been held to be proper in certain types of cases. Pinkerton v. Oak Park Nat. Bank, 16 Ill. App.2d 91, 147 N.E.2d 390; Pagano v. Leisner, 5 Ill. App.2d 223, 125 N.E.2d 301. In the instant case it appears that the defendant seized upon the chance remark of a spectator having no connection with the subject litigation as grounds for his motion to withdraw a juror and for mistrial. Defendant complains that while his attorney was leaving the courtroom, the spectator had a brief exchange of words with the bailiff, in which the spectator stated

that he was in the insurance business and was "interested in intersection cases." The plaintiff had nothing to do with this conversation, and the court went to great lengths in making certain that no prejudice occurred. All those connected with the incident were sworn by the court and interrogated. Interrogation disclosed that the remarks were only casual and were in no way prompted by any interest in the case and that the subject of insurance was pursued no further in the conversation complained of. Apparently the spectator, a Mr. Rector, was well known in the community and to the jurors as an insurance broker and that he had a general interest in accident cases. Nothing in the court's interrogation indicates Rector or any other person connected with the incident had an interest in the subject matter or the case on trial, nor that any juror was so led to believe.

It should also be pointed out that during the course of the court's examination, it did not appear that there were any members of the jury present in the elevator when the conversation complained of occurred. It also appeared that the motion to withdraw a juror and declare a mistrial was made under the mistaken impression of defendant's attorney that the conversation occurred between a juror and the spectator, whereas in fact the court's examination disclosed that the conversation occurred between the court's bailiff and the insurance broker.

No misconduct has been shown nor is there any ground upon which to fairly base an assumption that any juror was led to believe that the real defendant in interest was a liability insurance carrier.

■ Complaint is also made of the mention of insurance by a medical witness testifying in behalf of defendant Shaver. It appears from the abstract that the question put to the doctor was in no way designed to adduce mention of insurance, but that the doctor made a voluntary comment that he was asked to ex-

183

amine the plaintiff and give his report to an insurance company. The answer was not responsive, was given by a witness for defendant and certainly not adduced by plaintiff. No further reference to the subject of insurance was made, and we cannot say that the defendant has been prejudiced by the remark of this witness. We find no prejudicial error occurred and follow the reasoning announced in Williams v. Consumers Co., 352 Ill. 51, 185 N. E. 217.

■ Complaint is made that certain evidence was erroneously excluded by the trial court. The precise ground upon which such error is urged has not been made clear. Apparently the defendant wished to introduce a written statement purportedly made by the plaintiff immediately following the accident. We have examined the abstract and it does not appear therefrom that the document in question was ever offered in evidence. No offer having been made, the propriety of the trial court's action in excluding the document is not before this court, and no further consideration will be given to the point.

■ On cross-examination, the plaintiff was asked whether she had previously made certain statements which apparently were contained in the written statement referred to above. She was asked whether she made the following statement: "Gary is a good driver and not reckless in operating a car." Plaintiff answered that she did not remember making such a statement. She was then asked whether she made the following statements: "He is always most careful"; and again, "Gary is not reckless in operating a car and is always most careful." Objections were made to these last two questions, which were sustained by the trial court and properly so. If the document in question did contain admissions against interest and defendant wished a ruling on its admissibility it should have been offered in evidence. No ruling as

184

to its admissibility having been saved for review, defendant's contention is without merit.

Defendant complains that certain instructions tendered by plaintiff were erroneously refused. It appears from the abstract filed in this court that all of the instructions offered have not been abstracted. Our reviewing courts have repeatedly held that error cannot be predicated upon the giving, refusal or modification of instructions unless all the instructions are set out in the abstract. Pantelen v. Gottschalk, 21 Ill. App.2d 163, 157 N.E.2d 548. The obvious reason for such a rule is that there may have been other instructions given which cured the errors complained of. Accordingly, the errors assigned with reference to the refusing of instructions tendered by defendant will not be considered by this court.

Complaint is made that plaintiff's medical testimony was wrongfully admitted because the findings testified to were not properly connected to the occurrence in question. Without any attempt at detailing the medical testimony we are satisfied from an examination thereof that the same was amply sufficient to warrant the court in submitting the ultimate question of causal connection to the jury, and that defendant has failed to point out any substantial omission in such testimomy which would render it inadmissible.

Complaint is also made that plaintiff's attorney judicially admitted the defendant's non-liability during the course of his argument to the jury. This point has not been preserved for review since it was not included in defendant's post-trial motion. It also appears that plaintiff's closing argument is only partially abstracted, and we are not required to search the record for the omitted portions. This court has repeatedly condemned the practice of submitting partially abstracted records, and we will assume that

185

whatever error is complained of with respect to plaintiff's argument as abstracted was cured by other portions of his argument which defendant has failed to present to this court.

Finding no reversible error in the record, the judgment of the circuit court must be affirmed.

Judgment affirmed.

REYNOLDS, J. concurs.

ROETH, J. took no part.