Zimmerman, J.
The sole question for determination is whether the evidence introduced by the plaintiffs is of such a *324 character as to have presented a jury question on the issue of wanton or willful misconduct by the defendants.
It is axiomatic that, upon a motion for a directed verdict, the trial judge must construe the evidence most strongly in favor of the party against whom the motion is directed, and where there is evidence of a substantial nature to support his side of the case, upon which reasonable minds might reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court’s determination in disposing of such motion. 52 Ohio Jurisprudence (2d), 629 et seq., Section 24; Durham v. Warner Elevator Mfg. Co., 166 Ohio St., 31, 139 N. E. (2d), 10.
Plaintiffs’ evidence, considered in the light most favorable to them, shows that on the morning of July 10,1958, a passenger automobile belonging to Albert E. Fischesser, father of Roger Fischesser who was then 15 years old, was standing at the curb on Cambridge Avenue in the city of Cincinnati, in front of the Fischesser home. Thelma Fischesser, mother of Roger, gave him the keys to the automobile for the sole purpose of driving it into the yard of the Fischesser home to wash and wax it. This he had done two or three times before, although he had no driver’s license. To his mother’s knowledge, Roger had never driven the automobile alone for any other purpose. Later, as Roger was waxing the car in the yard, a school friend, Stanley Smith, aged 15, appeared. At that time Mrs. Fischesser was inside her home and later left for a nearby meeting. Roger and Stanley entered the automobile, and Roger unauthorizedly drove it to the Botto home on Roe Street, some six or eight blocks distant, stopped there and sounded the horn. Kenneth Botto, aged 14, a plaintiff herein, and another school friend, came out of his house, got into the car and asked Roger whether he had a driver’s license, to which question Roger replied in the affirmative. All three boys occupied the front seat, and Roger started the car and spun the rear wheels so that gravel was thrown from the tires. He accelerated the speed and drove eastwardly toward Berwick Avenue at a rapid rate. Although he knew it existed, Roger ignored the stop sign at the intersection of Roe Street and Berwick Avenue and turned the car south onto Berwick Avenue in such a way as to cause the rear *325 end to swing considerably. His two companions warned Roger to be careful or tbe police would eatcb him for speeding, “to take it easy” and “to look out, you are going to wreck this car.” Roger replied, with a “funny grin” on his face, “watch this.” He again accelerated the speed of the car and again he was admonished by his scared companions “to take it easy.” The car proceeded over Berwick Avenue to Windward Avenue where there was another stop sign known to Roger and which he ignored.
Kenneth Botto testified that, “after he [Roger] accelerated, after he straightened out and accelerated it [the automobile] was almost on the right side of the street, it took off faster and he went on down the street and there is a stop sign on the corner of Berwick and Windward and he took that corner real wide, too, and he went through the stop sign and the car went into passing gear.”
The automobile turned right onto Windward Avenue at a speed of approximately 40 miles an hour and some 70 feet from the corner of Berwick and Windward Avenues struck a tree with such force as to demolish the front end of the automobile and to injure the three occupants, Kenneth Botto sustaining the most serious injuries.
From the evidence as outlined above, could reasonable minds, as represented by the members of the jury, fairly reach the conclusion that Roger Fischesser was chargeable with wanton misconduct?
It would accomplish no good purpose to cite and discuss the many cases decided by this court wherein the issue of wanton misconduct was involved. Each of those cases was decided primarily on its own facts, and general rules, not always harmonious, were announced. The line between negligence and wanton misconduct is sometimes a fine one, and, bearing in mind that the guest statute (Section 4515.02, Revised Code), being in derogation of the common law, should not be extended beyond its reasonable limits, a court should exercise restraint in substituting its judgment for that of a jury and removing Ihe case from the jury by a directed verdict.
The word, “wanton,” in its ordinarily accepted sense connotes perverseness exhibited by deliberate and uncalled for *326 conduct, recklessness disregardful of rights and an unjustifiable course of action.
It could be found from the evidence, as outlined, that by driving through two known stop streets without stopping and by swinging around two corners at a speed of from 35 to 40 miles an hour, over the protests of frightened passengers, such acts being accompanied by a smart-aleckly attitude and ending in a serious collision, Roger Fischesser demonstrated a spirit of bravado and recklessness which equalled the behavior of the driver in the case of Jenkins v. Sharp, 140 Ohio St., 80, 42 N. E. (2d), 755, and which bore a resemblance to that of the driver in Tighe, a Minor, v. Diamond, 149 Ohio St., 520, 80 N. E. (2d), 122, in both of which cases the protection of the guest statute was denied.
A majority of this court is of the opinion that a jury question was here presented on the issue of wantonness, and that the case should have been submitted to the jury under appropriate instructions, as far as Roger Fischesser was concerned.
As to Thelma Fischesser, Roger’s mother, a directed verdict for her was proper. She entrusted the automobile keys to her son for a specific purpose, i. e., to move the automobile for a very short distance for washing and waxing only. There is no evidence that she knew or had reason to believe that he would operate it beyond those limits. In the circumstances, no wanton misconduct on Roger’s part in taking the car on an unauthorized “frolic of his own” may be extended to his mother, nor may she be held chargeable with wanton misconduct in entrusting the keys of the car to Roger for a restricted and harmless purpose. Under the principles of law expressed in the recent case of Tonti, Admr., v. Paglia, 171 Ohio St, 520, 172 N. E. (2d), 618, Thelma Fischesser is absolved from liability.
So, the judgments of the Court of Appeals as to Roger Fischesser are reversed and the causes remanded to the Court of Common Pleas for further proceedings, and the judgments of the Court of Appeals as to Thelma Fischesser are affirmed.

Judgment accordingly.