Jake CARDEN *v.* Bertha J. EVANS, Mother and
Next friend of Martha Jane Evans, a minor

5-4279                                    419 S. W. 2d 295

Opinion delivered October 16, 1967

*Wright, Lindsey & Jennings;* By: *Alston Jennings,* for appellant.

*Felver A. Rowell Jr.,* for appellee.

John A. Fogleman, Justice. This appeal invokes the application of the automobile "guest statutes" [Ark. Stat. Ann. §§ 75-913 and 75-915 (Repl. 1957).]

Appeal was taken from a judgment based upon a jury verdict after the trial judge denied a motion for a directed verdict at the conclusion of the evidence offered on behalf of appellee. Appellant then rested without presenting any testimony and renewed the motion which was again denied.

The suit was brought by appellee Bertha J. Evans, as mother and next friend of Martha Jane Evans, a minor, against appellant Jake Carden, also a minor. Viewing the evidence in the light most favorable to appellee, the facts are:

Martha Jane Evans, aged 14 at the time, was riding as a passenger in an automobile being driven by Jake Carden, then 17 years of age, on Sunday evening, December 19, 1965. The two had been going together since the late part of the summer, having had dates on Fridays, Saturdays and Sundays. They frequently went in his automobile. He normally drove fast—usually not under 60 miles per hour, most of the time around 70. She had, on occasion, told him to slow down. On most of these occasions he ignored the request. On some of them he slowed down some, but not a lot. On the night of December 19, he wasn't driving any differently from the way that she knew he always drove, except that he didn't ordinarily take his eyes off the road or drive with one hand. On this particular evening Carden came to her house around 6:30 and they left for town around 7 or 7:30. They went to Bill's Tastee Queen and got something to eat. After about a thirty-minute stay at Bill's, they went to Bigelow where Carden lived. On the way to Bill's, Martha Jane had occasion to ask Carden to slow down but he did not do so. On the return trip from Bigelow, while traveling on Highway No. 113 at about 11 p.m. at a point half way between Houston and Oppello, out in the open country, the car ran off the road shortly after the vehicle had come out of a long curve. As a result, Miss Evans was thrown out of the car and suffered severe, painful and disfiguring injuries

about the mouth and face. Just before the car ran off the road, Jake was helping her, at her request, to adjust or unfasten her seat belt. In order to do so, he looked off the road and had only one hand on the steering wheel. They were in a curve at the time. When she asked him to help he was driving around 70 miles per hour and she asked him to slow down but he did not do so. He ignored her objections to his not slowing down. His eyes were off the road for at least one minute. He negotiated at least one curve safely without ever looking at the road. While she could not say definitely that Carden was driving faster than 60 miles per hour, she testified that the speed limit was not 60 but she could not remember what it was at the point. Appellant admitted to the investigating police officer that he was driving too fast and that he had looked over at Miss Evans momentarily and left the highway.

We find that there was error in failure to direct a verdict for appellant. There can be no liability on the part of young Carden unless there is evidence to show that his vehicle was willfully and wantonly operated in disregard of the rights of others—particularly Martha Jane Evans. While the evidence undoubtedly shows negligence, perhaps even gross negligence, on his part, it is not sufficient to show the required willfulness and wantonness. *Splawn, Admr.* v. *Wright,* 198 Ark. 197, 128 S. W. 2d 248; *Edwards* v. *Jeffers,* 204 Ark. 400, 162 S. W. 2d 472; *Cooper* v. *Calico,* 214 Ark. 853, 218 S. W. 2d 723; *Steward* v. *Thomas,* 222 Ark. 849, 262 S. W. 2d 901; *Scott* v. *Shairrick,* 225 Ark. 59, 279 S. W. 2d 39.

In order to constitute the willful misconduct required, there must be a conscious failure to perform a manifest duty in reckless disregard of natural or probable consequences to the life or property of another, as distinguished from gross negligence which does not involve such reckless disregard of consequences. *Splawn* v. *Wright, supra.* There must be a willfulness, a wantonness and indifferent abandonment in respect of conse-

quences, applicable alike to self and guest. *Cooper* v. *Calico,* 214 Ark. 853, 218 S. W. 2d 723. The burden of proof to show the required conduct was upon appellee. *Poole* v. *James,* 231 Ark. 810, 332 S. W. 2d 833; *Splawn* v. *Wright, supra.* Before a driver will be found guilty of this conduct, the evidence should be unusually strong and convincing. *Splawn* v. *Wright, supra.*

This case is uniquely similar to the *Splawn* case. There the driver of the vehicle was driving at a speed of 40 to 45 miles per hour on a slick, muddy road in bad visibility conditions due to rain and fog when his vehicle went off the road after having negotiated a curve. He lost control of the car after he reached down to turn on or adjust the heater. He had paid no attention to the objections of the injured party that he was driving too fast. There was testimony that most any speed would have been hazardous. This court reversed and dismissed the case because of failure of the trial judge to direct a verdict for the administrator of the estate of the driver who was killed. Even the elements of bad visibility and bad road surface conditions are absent here.

In another case reversed and dismissed for refusal to direct a verdict for a driver and against his guest, it was said that wantonness, in the sense of the statute, is a mental attitude shown when a person, notwithstanding his conscious and timely knowledge of an approach to an unusual danger and of common probability of injury to others, proceeds into the presence of danger, with indifference to consequences and with absence of all care. *Ellis* v. *Ferguson,* 238 Ark. 776, 385 S. W. 2d 154.

In *Edwards* v. *Jeffers,* 204 Ark. 400, 162 S. W. 2d 472, there was evidence that the injured passenger, as well as the husband of the host driver, had called the latter down two or three times about her excessive speed on a road with curves on which the gravel was loose, before she lost control of her vehicle as she negotiated a "square" turn at a speed of 60 or 70 miles per hour

or faster and left the road some quarter of a mile beyond the curve. This case was also reversed and dismissed.

Appellee relies on the holding in *Spence* v. *Vaught*, 236 Ark. 509, 367 S. W. 2d 238, as authority for affirmance of this judgment. There is a great distinction between this case and that, so it does not support appellee's position. There testimony was introduced tending to show that appellant, after her car began to make first a singing, then a grinding noise, and finally a swerve lasting over some period of time, ignored warnings from her guest to slow down from a speed of 50 to 60 miles per hour and see what was the matter. The court found that the failure of appellant to slow down after the grinding noise started and the car swerved more violently, although twice warned to do so, would constitute willful or wanton negligence. We have no such evidence here. As was said in *Steward* v. *Thomas*, 222 Ark. 849, 262 S. W. 2d 901, acting negligently on the spur of the moment is quite a different thing from *persistent* pursuit of a course of driving in a reckless and dangerous manner over the protest of the occupants of his vehicle. In view of our own holdings we do not find cases from other jurisdictions cited by appellee to be persuasive, even if applicable.

In view of the disposition we make of the case, we find it unnecessary to determine whether the action of the trial judge in forcing appellant to file an answer and go to trial on the same day the court appointed his mother as guardian ad litem to defend for him constituted an abuse of discretion.

Reversed and dismissed.