RUSSELL LEE, ET AL v. ERNEST WATKINS, ET AL

5-4779                                    436 S.W. 2d 479

Opinion Delivered February 3, 1969

W. R. Hastings, Jr. for appellants.

Chapman & Wiley for appellees.

JOHN A. FOGLEMAN, Justice.    This case requires that we determine whether the evidence was sufficient

to support a finding of liability for wilful and wanton negligence under the guest statute. It arose out of an automobile collision which occurred on November 19, 1966, at the intersection of United States Highways 67 and 67C near Judsonia. Ernest Watkins brought this action individually and as father and next friend of Eva Watkins. He charged Richard Lee, the driver of a vehicle in which his daughter was a passenger with wilful and wanton negligence and alleged that the conduct of Richard Lee was imputed to his father Russell Lee. He also charged James Edward Roberts, allegedly the driver of the other vehicle involved in the collision, with ordinary negligence. The evidence, as set out in the abstracts and briefs of the parties, shows:

Eva Watkins was the guest of Richard Lee in an automobile owned by Russell Lee. Both of them were under the age of 18 years. During the evening they had driven around in the vicinity of the intersection and had picked up another couple with whom they attended a movie in Searcy. They had traveled through the intersection at which the collision occurred at least three times that night, approaching it from different directions on different occasions. On one of these occasions they had made the approach from the same direction as that from which the Lee automobile was proceeding at the time of the collision. United States Highway 67 is the preferred highway. There are stop signs facing traffic approaching the intersection from Highway 67C on each side of Highway 67. Richard had stopped at each of these signs at least once during the evening. Immediately before the collision Richard and Eva had stopped at the home of Gary Landis, which is about 500 feet east of the intersection, to take the other couple to the automobile they had left there. Richard and Eva proceeded immediately toward the intersection talking in general about things. Eva remembers that Richard did not slow down at the intersection and remembers looking back and thinking that if a car she saw was far enough away it would not hit them. As they started

to turn she opened her mouth to scream and then "everything happened." Richard had moved to the community about a year before the accident, but there is no evidence as to how long he had lived in White County. The conclusion from the evidence that Richard proceeded into the intersection without stopping is inescapable. When he did so he collided with the Roberts vehicle. Roberts was killed and Eva seriously injured.

The case was tried without a jury. The circuit judge entered a judgment against the Lees in favor of Ernest and Eva Watkins, having found as a fact that Roberts was guilty of no negligence and that Richard Lee was wilfully and wantonly negligent in that he ran a stop sign at an intersection he knew to be dangerous and drove onto a highway which he knew to be extraordinarily heavily traveled without slowing down or exercising any caution whatsoever. We conclude that the judgment must be reversed for want of substantial evidence to support the court's finding as to Richard Lee.

Our statutes prohibit recovery by a person transported as a guest in an automobile from the owner or operator unless the vehicle is wilfully and wantonly operated in disregard of the rights of others. Ark. Stat. Ann. § 75-913 et. seq. (Repl. 1957). The terms of the statutes have been held to require wilful and wanton negligence or wilful and wanton misconduct. *Cooper* v. *Calico*, 214 Ark. 853, 218 S.W. 2d 723; *Froman* v. *J. R. Kelley Stave & Heading Co.*, 196 Ark. 808, 120 S.W. 2d 164; *Spence* v. *Vaught*, 236 Ark. 509, 367 S.W. 2d 238.

Even when we consider the testimony in the light most favorable to appellees, it is insufficient. The applicable test was set out in *Carden* v. *Evans*, 243 Ark. 233, 419 S.W. 2d 295, where we said, "In order to constitute the wilful misconduct required, there must be a conscious failure to perform a manifest duty in reckless disregard of natural or probable consequences to the life or property of another, as distinguished from gross

negligence which does not involve such reckless disregard of consequences. *Splawn* v. *Wright*, [198 Ark, 197, 128 S.W. 2d 248]. There must be a wilfulness, a wantonness and indifferent abandonment in respect of consequences, applicable alike to self and guest. *Cooper* v. *Calico*, 214 Ark. 853, 218 S.W. 2d 723.'' The burden of proving wilful and wanton misconduct was upon the guest, appellee herein. *Poole* v. *James*, 231 Ark. 810, 332 S.W. 2d 833; *Carden* v. *Evans*, supra.

The only evidence from which any inferences as to the conduct of young Lee could have been drawn was the testimony of Eva Watkins concerning the running of the stop sign. This occurred at about 11:30 p.m. The testimony indicates that Richard Lee did not slow down as he approached the intersection, but he had started the automobile at the Landis residence only 500 feet away. There is nothing to indicate the speed at which he was driving when he approached or entered the intersection. The question to be determined, then, is whether a finding of wilful and wanton misconduct may be predicated upon the fact that the host driver ran a stop sign.

We have never dealt with the exact question. In *Bridges* v. *Stephens*, 238 Ark. 801, 384 S.W. 2d 490, we held that a jury question as to wilful and wanton misconduct was presented when there was evidence that the host driver was intoxicated at the time of a collision resulting from his running a stop sign.

A review of authorities from other jurisdictions having a guest statute requiring wilful and wanton negligence or misconduct indicates that there must be some evidence other than the simple running of a stop sign to constitute the required reckless disregard of the probable consequences. It has been held that an admission by a driver that he had seen the stop sign together with a testimony that he ran the stop sign was sufficient to make a question of fact for the jury. This

holding was based in part upon a conflict in the evidence as to whether the driver first stopped and then started up or simply ran into the intersection without stopping. *Rench* v. *Bevard*, 29 Ill. App. 2d 174, 173 N.E. 2d 1 (1961). In *Rickner* v. *Haller*, 124 Ind. App. 369, 116 N.E. 2d 525 (1954), it was shown that the driver saw the stop sign, knew it was there, and knew that he was violating the law when he did not stop before proceeding into the intersection at a time of day when he knew the highway was heavily traveled. There was testimony that the driver of the other car involved in the collision sounded his horn three times, even though the host driver, driving with his window down, denied hearing any horn.

In *Tuttle* v. *Reid*, Ind. App., 198 N.E. 2d 610 (1964), a jury question was found in conflicting evidence as to whether the host driver had previous warning of the stop sign or of the approach of the other vehicle involved. The court said that the evidence was weak. Our cases require strong and convincing evidence. See *Carden* v. *Evans*, 243 Ark. 233, 419 S.W. 2d 295. There was also evidence in the *Tuttle* case indicating that the host driver accelerated his speed after being warned of the danger. In *Jenkins* v. *Sharp*, 140 Ohio St. 80, 23 Ohio Op. 295, 42 N.E. 2d 755 (1942), the court held that there was a jury question where the motorist's view to his right as he approached the main thoroughfare was obstructed by a dwelling house and hedge, and there was evidence that the host driver saw the stop sign but proceeded through it at a speed of from 35 to 50 m.p.h. In *Goncalves* v. *Los Banos Mining Co.* 58 Cal. 2d 916, 26 Cal. Rptr. 769, 376 P. 2d 833 (1962), there was evidence that the stop sign was plainly visible and even though the guest passenger gave warning of it 200 feet away, the driver proceeded at 60 m.p.h. without looking either to his right or to his left or applying his brakes. In *McCarty* v. *O. H. Yates & Co.*, 294 Ill. App. 474, 14 N.E. 2d 354 (1938), the driver turned east on the wrong side of the highway and veered over the entire

surface of the pavement after running the stop sign. The language of the court in *Murphy* v. *King,* 284 Ill. App. 74, 1 N.E. 2d 268 (1936) where the driver ran a stop sign and narrowly missed another vehicle only one block from the collision intersection at 30 to 40 m.p.h., and was warned by the guest of the stop sign as she approached the collision intersection is significant. The court said: "It may well be that the segregated single act of passing a street light, exceeding speed, the unobservance of a through street, taken by themselves would not show wilfulness or wantonness, but taken in the light of the situation under which the act was performed, together with the result flowing therefrom, shows such a conscious indifference as to consequences as to render defendant's act wilful and wanton."

No useful purpose would be served by reviewing other authorities in which it was held that a jury question was, or was not, presented, as the cases above reviewed seem to be typical. For cases holding that a jury question was not presented see 3 A.L.R. 3d 430.

We determine that it is the decided weight of authority that the mere showing that a host driver failed to stop at a stop sign unaccompanied by any other evidence justifying an inference that the driver acted with a conscious indifference to the consequences to himself or his guest is insufficient to support a finding of wilful and wanton misconduct. We adopt that view.

It is urged that young Lee's acquaintance with the intersection and knowledge that the superior highway was heavily traveled constitute the required additional evidence. Although we might agree if this incident had occurred at an hour of the day when traffic was known to be heavy, there is nothing to indicate the volume of traffic at 11:30 p.m. Neither is there anything to show that Richard Lee would not have been justified in thinking that the traffic would be very light at this time of the night. We are not required, in this case,

to decide whether it must be shown that a host driver was actually conscious of impending danger. Unlike many of the cited cases, there is nothing to show that the host driver in this case either was, or should have been, conscious of the presence and approach of the Roberts vehicle and proceeded into the intersection in spite of this knowledge.

The judgment is reversed and the cause dismissed.