## FISCHER *v.* FAFLIK.

(Decided March 9, 1936.)

*Mr. J. R. Kistner,* for plaintiff in error.
*Messrs. Payer, Corrigan, Cook & Pilliod,* for defendant in error.

LIEGHLEY, P. J.  Plaintiff Loretta A. Faflik brought an action in the Common Pleas Court to recover damages for personal injuries against the defendant George H. Fischer, and the parties will be named in this order herein.  Plaintiff recovered a judgment and error is prosecuted to this court to reverse the same.

Trial was had on an amended petition in which plaintiff avers that on July 27th, 1933, at about one o'clock a. m. she was riding as a passenger in an automobile operated by the defendant in an easterly direction on U. S. Route No. 2, and that when they arrived at a point about six miles west of Lorain, Ohio, defendant operated said automobile into the rear of a truck proceeding slowly in the same direction, thereby causing her severe and permanent injuries.

It is further averred that she then and there sustained said injuries through the negligence, recklessness and wanton misconduct of the defendant in the following particulars:

First: That he negligently, recklessly and wantonly operated said automobile at a speed greater than that which permitted him to stop within the assured clear distance ahead.

Second: That he failed to keep a lookout or make observation for said motor truck.

Third: That he failed to keep his automobile under control, but permitted same to become so out of his control as to cause said collision.

Fourth: That he failed to equip his automobile with adequate or sufficient headlights to light the roadway two hundred feet ahead.

Fifth: That he failed to sound a horn or give warning to the driver of the motor truck of his presence and approach.

Sixth: That after he saw or in the exercise of ordinary care could and would have seen the motor truck he failed to stop his automobile or abate the speed or divert the course thereof in time to avoid the collision.

The answer averred a general denial and sole and contributory negligence.

The specifications of negligence set out in this amended petition are the usual specifications in an action wherein the defendant is charged with a failure to use ordinary care. A blanket charge that these acts of omission and commission constitute wanton misconduct is made to meet the exception contained in the passenger guest statute. Although not an assignment of error in this case, whether such a petition states a cause of action is problematic at this time.

A few months ago a case was presented to this court in which a demurrer had been sustained to a petition of like character by the Court of Common Pleas and error was prosecuted. This court reversed the decision, the writer hereof dissenting, and a motion to certify the decision of this court was allowed and the case is now pending in the Supreme Court, being case

No. 25685, *Vecchio* v. *Vecchio*. It may be determined that the petition should allege wherein the defendant failed to use any care after the peril was discovered or the indispensable averments to state a cause of action.

(Since this opinion was written the Supreme Court reversed the judgment of the Court of Appeals and affirmed that of the Court of Common Pleas. *Vecchio* v. *Vecchio,* 131 Ohio St., 59.)

The rule is established in this state and other states that, in order to hold a defendant guilty of wanton misconduct, it must be found that he failed to exercise any care for the safety of those to whom a duty of care is owing when he has actual knowledge and after the peril is discovered which such care might avert. *Reserve Trucking Co.* v. *Fairchild,* 128 Ohio St., 519, 191 N. E., 745; *Van Blaircum* v. *Campbell,* 256 Mich., 527, 239 N. W., 865; *Elowitz* v. *Miller,* 265 Mich., 551, 251 N. W., 548.

The defendant was operating his automobile in an easterly direction at a rate of speed that is in dispute. There is little dispute that the distance from the cottage near Huron, Ohio, from which they started, to the point of the accident is twelve to fifteen miles. The evidence warrants the statement that twenty-five to thirty minutes was consumed in traveling this distance and that the rate of speed was substantially uniform.

The plaintiff claims that there were a number of dips in the highway in which banks of fog had settled which totally obstructed their vision.

The plaintiff seems to rely principally on the claim that the defendant operated his automobile with herself and two other passengers aboard through one of these banks of fog wherein vision was totally obscured thereby at such a rate of speed that when the defendant emerged from the fog a motor truck appeared in their pathway about twenty-two feet in front of the automobile.

The tail board of the motor truck was down carrying part of the load of merchandise to some extent diminishing a clear view of the tail lights thereon. All agree that the truck was not seen until they were about twenty or more feet from the rear thereof. Plaintiff admits that she felt the car swerve and it is undisputed that the defendant, upon discovery of the truck in his pathway proceeding in the same direction, tried to turn his car to the left to avoid hitting the motor truck. He did not succeed in entirely averting the collision, but his automobile struck the left rear corner of the tail board resulting in serious injury to himself and his three passengers.

This is not a negligence case. Under a charge of wanton misconduct, whether or not the defendant was guilty of negligence in driving into and through a dense bank of fog is of little moment. What he did or failed to do after he emerged from the fog and discovered the truck ahead of him is decisive.

It is agreed that the party was laughing, talking and singing on the way out to the cottage and on the way back from the cottage. They were having a good time, as they said, in their endeavor to show a good time to one of the passengers in the city on vacation. Plaintiff says that she protested to the defendant on two or three occasions about driving through these fog banks lying in the dips on the road, but he did not reply to her protest and under the circumstances there is no proof that he heard them.

All agree that the truck was not seen until the automobile was some twenty feet to the rear of it. All agree that the headlights on the automobile were burning with required intensity. All agree, who testified on the subject, that the defendant upon discovering the peril promptly swerved his car to the left in an honest effort to avoid the collision. This was the exercise of some care. To apply the brakes and swerve

his car is all that anyone could have done under these circumstances.

In order to attach any liability to the defendant in this case under the passenger guest statute, the common law negligence of the defendant, if any, occurring prior to the discovery of the truck, must be invoked and relied on. Under a charge of wanton misconduct it is our opinion that this cannot be done. Whether the driver used any care after the peril was discovered is the issue. By their testimony the witnesses admit that he did.

There is another class of cases in which there is liability under this statute in which the principle of discovered peril is not involved illustrated by the following case. Not long ago there was presented to this court a situation wherein the defendant driver of an automobile with three passengers therein upon leaving a roadhouse in the country braggartly announced that he was going to give them a thrill. Against their loud protests and requests to leave the car, he drove at the rate of fifty, sixty or seventy miles an hour,—the exact rate being in dispute,—until in his efforts to give the thrill he lost control of his car, struck an abutment of a bridge and very seriously injured all aboard. The element of discovered peril is not in such a case. The driver is himself the peril.

In our view of the law and facts of this case, the defendant is not liable. The judgment is therefore reversed and final judgment rendered for plaintiff in error.

*Judgment reversed.*

TERRELL, J., concurs in judgment.
LEVINE, J., dissents.