JOHNSON, APPELLEE, *v.* GERNON, JR., APPELLANT.

(No. 3882—Decided December 29, 1947.)

*Mr. W. A. Rodgers,* for appellee.
*Messrs. Smoyer & Smoyer,* for appellant.

STEVENS, J. This is an appeal on questions of law from a judgment of the Common Pleas Court, entered upon a verdict for plaintiff in the amount of $1,500.

The action was one to recover for personal injuries sustained by plaintiff while riding as a guest passenger in a car owned and operated by defendant.

At the conclusion of plaintiff's case, and at the conclusion of all the evidence, motions to direct a verdict for him were made by defendant and overruled by the trial court.

Special findings were submitted by defendant, and were answered by the jury, and after the return of its general verdict for plaintiff, motion for judgment notwithstanding the verdict was made by defendant and overruled by the court.

Two assignments of error are presented by defendant (appellant in this court):

"1. The trial court erred in overruling the motion of the defendant for judgment upon the special finding returned by the jury in the answer made by it to the interrogatories which the trial court submitted, and in entering judgment against the defendant upon the general verdict.

"2. The trial court erred in overruling the motion of the defendant for judgment, notwithstanding the general verdict returned by the jury."

This being an action which comes under the provisions of Section 6308-6, General Code (the "guest" statute), no recovery could be had by plaintiff except upon a showing of wilful or wanton misconduct of defendant, and, in this case, no claim of wilful misconduct of defendant is urged.

The rules governing wanton misconduct have been enunciated by the Supreme Court of Ohio in the fol-

lowing cases: *Universal Concrete Pipe Co.* v. *Bassett,* 130 Ohio St., 567, 200 N. E., 843, 119 A. L. R., 646; *Vecchio* v. *Vecchio,* 131 Ohio St., 59, 1 N. E. (2d), 624; *Morrow* v. *Hume, Admx.,* 131 Ohio St., 319, 3 N. E. (2d), 39; *Akers* v. *Stirn,* 136 Ohio St., 245, 25 N. E. (2d), 286; *Jenkins* v. *Sharp,* 140 Ohio St., 80, 42 N. E. (2d), 755.

There was stated by Ross, J., in *Schulz* v. *Fible,* 71 Ohio App., 353, at p. 358, 48 N. E. (2d), 899, the following:

"From these cases, however, certain outstanding guides for a determination of the character of the conduct of the defendant here involved are presented.

"1. The inquiry of the trier of facts must be directed to a determination of the 'mental state' of the defendant at the time the injuries were received.

"2. There must be substantial evidence supporting the conclusion that such 'mental state' constituted a 'disposition to perversity.'

"3. Neither mere speed, absence of ordinary care, bad judgment, nor violation of safety statutes, alone, is sufficient.

"4. There must be an absolute indifference to consequences of the defendant's acts.

"5. Conscious and timely knowledge of approach to unusual danger with a known probability of injury to others, if coupled with indifference to such consequences and an absence of *all* care, presents evidence of wilful and wanton misconduct.

"6. There must be a reckless indifference to the interests of others."

One of the necessary elements of wanton misconduct must be "conscious and timely knowledge of an approach to an unusual danger and of common probability of injury to others." *Jenkins* v. *Sharp, supra,* at p. 83.

The record in this case shows, without dispute, that

the defendant did not see or know of the presence of the car with which his automobile collided. He therefore could not have had conscious and timely knowledge of his approach to that car, if its presence could be said to have constituted an unusual danger, nor could he have known of the probability of injury to plaintiff by reason of the presence, at the curb, of the car with which his automobile came into collision.

The evidence does show that defendant was very nearsighted, and that by reason thereof he wore thick-lensed glasses; that plaintiff in some manner, immediately prior to the collision, brushed defendant's glasses from his nose; and that at the time of the collision he was trying to return his glasses to their proper position on his nose.

It is urged that, under these circumstances, it was the duty of the defendant to immediately stop his car when he could not see, and his failure to do so constituted wanton misconduct.

We are unable to see wherein that situation presents a legal problem differing materially from that presented in *Fischer* v. *Faflik,* 52 Ohio App., 69, 3 N. E. (2d), 62, or *Schulz* v. *Fible, supra.* In each of those cases, the defendant drove into a cloud of vapor or fog which disenabled him to see, but the courts held that, while such conduct might have constituted negligence, the absence of the element of the presence of known danger precluded a conclusion of wanton misconduct.

Here the driving of defendant's car when he was unable to see, might have been negligence, but, because defendant did not know of the presence of a specific danger (*i. e.,* the parked car), his conduct could not properly be said to constitute wanton misconduct.

The absence of a showing of knowledge by plaintiff of the approach to unsual danger and of the prob-

ability of injury to plaintiff, constituted such a failure of proof on the part of plaintiff as required the trial court to direct a verdict for defendant at the close of all the evidence.

Having failed to do that, the trial court should have rendered judgment for defendant on his motion for judgment *non obstante veredicto*, because there was no evidentiary basis for a valid verdict in favor of plaintiff.

Likewise, a judgment for defendant should have been entered on the special findings, because the answer to the third special finding was inconsistent with the answer to the second, and with the general verdict.

The answer to the second special finding indicated that the jury believed defendant to have been guilty of wanton misconduct.

The third special finding required the jury to state of what that wanton misconduct consisted, and its answer, "Not having his car under control," was at most a finding of negligence of the defendant. It embraced none of the elements of conscious knowledge of a dangerous situation, of an entire absence of care, and a reckless disregard of consequences, by defendant, which are necessary to a conclusion of wanton misconduct, although these elements were adequately charged by the court.

Section 11420-18, General Code, provides:

"When a special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court may give judgment accordingly."

*Masters* v. *New York Central Rd. Co.*. 147 Ohio St., 293, 70 N. E. (2d), 898, states:

"2. An interrogatory requiring the jury in a personal injury action, in the event the jury finds the defendant guilty of negligence, to specify the act or acts of negligence is a proper inquiry; and the failure or inability of the jury to find the existence of

a claimed act of negligence, in answer to interrogatories so submitted, is equivalent to a finding on such claim of negligence against the party having the burden to establish it.''

So here, to paraphrase, an interrogatory requiring the jury, in the event it found the defendant guilty of wanton misconduct, to state of what acts or omissions of the defendant such misconduct consisted, is a proper inquiry; and the failure or inability of the jury to find the existence of conscious knowledge by defendant of approach to unusual danger, absence of all care, and an indifference to consequences, in answer to the interrogatories submitted, is equivalent to a finding, on such claim of wanton misconduct, against the party having the burden to establish it.

It is our opinion that the trial court prejudicially erred when it failed to sustain defendant's motion to direct a verdict at the conclusion of all the evidence; that it further erred in refusing to enter judgment for defendant on the special findings; and also that a judgment for defendant notwithstanding the verdict should have been entered by the trial court on defendant's motion therefor.

The judgment is reversed as being contrary to law, and this court will render the judgment which the trial court should have entered, by entering final judgment for defendant, at plaintiff's costs.

*Judgment reversed, and final judgment for defendant.*

DOYLE, P. J., and HUNSICKER, J., concur.