DUPRIEST, A MINOR, ET AL., APPELLANTS, *v.* SPATZ, APPELLEE.

[Cite as DuPriest v. Spatz (1971), 26 Ohio St. 2d 264.]

(No. 70-458—Decided June 23, 1971.)

Mr. *Louis A. Ginocchio* and Mr. *Robert L. Tepe,* for appellants.

Mr. *Edward J. Utz* and Mr. *James Gustin,* for appellee.

*Per Curiam.* During the jury *voir dire* in this personal injury action based upon alleged negligence, plaintiff-appellants' counsel asked approximately 27 questions dealing with or alluding to "insurance company." Thereafter, defendant-appellee's counsel addressed the panel and the following exchange occurred:

"Mr. Utz: Your Honor, as indicated to you, my name is Edward Utz and I am representing Mr. Spatz in this case.

"Mr. Spatz works for the Cincinnati Gas & Electric Company in the promotional department.

"This accident incidentally, where we start here, has nothing whatever to do with him being a worker or an employee of the Cincinnati Gas & Electric Company.

"The railroad, as was mentioned in this case, there is nothing in this case. A railroad has nothing to do with it. *There is no insurance company involved in this case.*

"Mr. Ginocchio: I object, your Honor, to all this.

"The Court: I think the objection is well taken.

"Mr. Utz: There is no party, insurance company, in this case nor a railroad, your Honor.

"The Court: Objection is well taken. I will sustain the objection.

"Mr. Utz: Thank you.

"Mr. Ginocchio: Would you ask the jury to disregard that question, I mean that statement? It was not a question.

"The Court: *There is nothing to disregard.* There has been no—*the objection was put to a statement of fact, which is not a proper subject. There is nothing here involving any of these.*

"Mr. Utz: I know, but Mr. Ginocchio asked about railroads and so forth, your Honor. *There is nothing in this case.*" (Emphasis added.)

The attention of counsel for appellant is directed to the fourth paragraph of the syllabus in *Morrow* v. *Hume* (1936), 131 Ohio St. 319, 3 N. E. 2d 39:

"4. The plaintiff in an action for damages for wrongful death caused by the alleged unlawful operation of an

automobile, has a right to interrogate the jurors on their *voir dire* (1) as to whether they are connected with or interested in a casualty insurance company and (2) as to the extent thereof; *but when the mode of questioning is such as to indicate lack of good faith on the part of plaintiff's counsel it is the duty of the court to compel the inquiry to proceed according to approved methods of interrogation.* (*Dowd-Feder, Inc., v. Truesdell,* 130 Ohio St. 530, approved and followed.)'' (Emphasis added.)

In the case at bar, no objection was made to the repetitive nature of the ''insurance company'' inquiries. Thus, we turn to the remarks of counsel for appellee, in which the error was preserved by objection.

There is little question that counsel's statements to the jury represented a distinct impropriety and were clearly prejudicial to the rights of the appellants. Standing uncorrected, they constituted reversible error.

Appellants' motion for an instruction that the jury disregard counsel's remarks should have been sustained and the instruction given. Instead, the trial court announced in the presence of the jury that *''there is nothing to disregard * * * the objection was put to a statement of fact, which is not a proper subject. There is nothing here involving any of these.''* (Emphasis added.)

This language by the court, coupled with the erroneous refusal to instruct the jury to disregard counsel's statements, could only have led the jury to a false conclusion of fact, *i. e.,* that any judgment rendered for the appellants would wrest from appellee and his family whatever funds or property were necessary for the total payment thereof.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for a new trial.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.

SCHNEIDER, J., not participating.