STEHURA, ADMR., APPELLANT, *v.* SHORT, APPELLEE.

(No. 32327—Decided February 14, 1974.)

*Mr. Steven A. Sindell,* for appellant.
*Mr. Richard F. Stevens,* for appellee.

JACKSON, J. Appellant filed suit for personal injuries and wrongful death of Joan Stehura, a minor, allegedly

caused by the negligent operation of an automobile by appellee, Donald Short. The action was filed by appellant as administrator of decedent's estate. The case came on for trial on October 31, 1972.

During the *voir dire* examination, Mr. Sindell, counsel for plaintiff appellant, exercised a preemptory challenge excusing Mr. Elliott, a risk consultant, from the panel of prospective jurors. The following colloquy occurred while counsel for defendant appellee was questioning Mr. Nakanishi, the prospective replacement for Mr. Elliott on the jury panel:

"Mr. Hodsen: Now, since I am sure you were listening to all the other questions, Mr. Nakanishi, you may recall that Mr. Sindell asked certain questions to Mr. Elliott and to other members of the panel about his associations in the risk management work with insurance companies and so forth?

"Juror No. 1: Yes.

"Mr. Hodsen: Well, in that regard, and I would address this to everybody, but in that regard, would you be able and willing to approach this case on the basis that it's a lawsuit strictly between Mr. Stehura and the family and Mr. Short and that except for the fact that there are attorneys here, there is no other person, firm or corporation involved in this case?

"Mr. Sindell: I object to that, your Honor, and move for mistrial.

"(Thereupon the following proceedings were had outside the hearing of the jury):

"Mr. S. Sindell: Your Honor at this time I'd like to make a motion for a mistrial on the grounds that the defense counsel, in my view, has suggested to the jury that—

"The Court: Quieter.

"Mr. S. Sindell:—this defendant is not insured; that it was the obvious intention. He's inviting them to conclude that there is no insurance in this case and he's inviting them to consider the manner in which any damages would be paid, and it's completely improper and I think we should start all over again and he should be instructed not to do that again the second time around."

After a side bar discussion the court overruled appellant's motion for a mistrial. As an alternative to declaring a mistrial, appellant then requested that the court give a cautionary instruction to the jury. The court responded: "The jury will be instructed at the proper time." Whereupon, the appellant requested an immediate instruction. This request was also overruled.

The jury returned a verdict for the defendant. Plaintiff appeals, assigning one error:

"The Trial Court erred in refusing to grant appellant's motion for a mistrial or, in the alternative, to give a cautionary instruction to the jury immediately when, during the voir dire, counsel for Defendant-Appellee suggested to the jury that his client was uninsured, which was contrary to fact, and prejudicial to appellant's case."

For the reasons detailed in the following discourse, we find merit in appellant's assignment of error.

Knowledge of defendant's insurance has traditionally been treated as fruit of the forbidden tree. Courts have consequently guarded juror's ears from statements tending to show that the defendant in a negligence action carried liability insurance. *Annot.*, 4 A. L. R. 2d 761 (1949). The rationale for thus "protecting" the jurors is that the trial should be heard and determined by a jury of persons completely unbiased and uninfluenced by extrinsic considerations. *Pearl* v. *Jones* (1953), 159 Ohio St. 137. The rule prohibiting the forbidden knowledge of insurance from poisoning the minds of the jurors has been relaxed to a degree during *voir dire* to insure the selection of an unbiased panel of jurors. Therefore, counsel for plaintiff has the right to interrogate prospective jurors on *voir dire* as to (1) whether they are connected with an insurance company; (2) the extent of their connection, as long as these questions are propounded in good faith. *Dowd-Feder* v. *Truesdell* (1936), 130 Ohio St. 530.

Even this limited right of plaintiff's counsel to inquire on *voir dire* as to prospective juror's connection with an insurance company has been held to be subject to the sound discretion of the trial judge. Accordingly, *Krupp* v. *Poor* (1970), 24 Ohio St. 2d 123, held that it was not an abuse

of discretion for the trial court to prevent inquiry as to prospective juror's connection with an insurance company where the trial court had been informed that one defendant was insured and the other defendant was uninsured.

In granting plaintiff's counsel a limited right to mention insurance on *voir dire,* the Supreme Court of Ohio struck a delicate balance between plaintiff's right to "* * * reasonable safeguards against obtaining a jury composed of men and women having insurance connection * * *," and defendant's right to a trial free from "* * * possible prejudice which interrogation concerning the jury's interests may tend to provoke." *Dowd-Feder* v. *Truesdell, supra,* at 535. We find no indication that the Supreme Court of Ohio now intends to readjust this delicate balance by permitting defense counsel to reply to the limited inquiry permitted plaintiff's counsel as was done by defense counsel in the case at bar. In fact a recent decision held that after plaintiff's counsel had inquired on *voir dire* regarding prospective jurors' connection with an insurance company, it was improper for defense counsel to retort by informing the jury that the defendant was not insured. *DuPriest* v. *Spatz* (1971), 26 Ohio St. 2d 264. In *DuPriest,* plaintiff's counsel posed some twenty-seven questions dealing with "insurance company" on *voir dire.* Defense counsel responded with the statement: "There is no insurance company involved in this case." *DuPriest, supra,* at 265. In reference to this statement, the Supreme Court of Ohio declared:

"There is little question that counsel's statements to the jury represented a distinct impropriety and were clearly prejudicial to the rights of the appellants. Standing uncorrected, they constituted reversible error.

"Appellants' motion for an instruction that the jury disregard counsel's remarks should have been sustained and the instruction given. Instead, the trial court announced in the presence of the jury that '*there is nothing to disregard * * * the objection was put to a statement of fact, which is not a proper subject. There is nothing here involving any of these.*' [Emphasis added.]

"This language by the court, coupled with the errone-

ous refusal to instruct the jury to disregard counsel's statements, could only have led the jury to a false conclusion of fact, *i. e.*, that any judgment rendered for the appellants would wrest from appellee and his family whatever funds or property were necessary for the total payment thereof.'' *DuPriest, supra,* at 266.

Taken in context, defense counsel's statement in the case at bar conveys the same information as the aforementioned statement from the *DuPriest* case. After referring to insurance companies, counsel for defendant remarked to the jury: "Well, in that regard * * * there is no other person, firm or corporation involved in this case.'"[1] To treat this statement differently from the improper statement in the *DuPriest* case would invite defense counsel to invent phrases which, without using the word "insurance", nevertheless, effectively convey the impression that the defendant is uninsured. This would be legally intolerable. The court cannot permit a trial to be reduced from a procedure for ascertaining truth and determining justice to a game of words. See *Krupp* v. *Poor, supra,* at 128.

Having established the impropriety of defense counsel's remarks, the issue remains as to whether the prejudicial effect of this remark was sufficiently cured by an appropriate instruction from the court to the jury.

Earlier cases, such as *Wilson* v. *Wesler* (1927), 27 Ohio App. 386, considered testimony regarding defendant's insurance so dangerous as to require reversal even though the court struck the testimony from the record and directed the jury to disregard it. Later cases, including *DuPriest,* indicate that a proper instruction may cure the prejudice and eliminate the necessity of granting a mistrial. However, when defense counsel falsely indicates on *voir dire* that his client is uninsured, the prejudicial effect on the prospective jurors is of such a magnitude that only an immediate instruction by the court directing the jury to disregard the specific prejudicial statement can

---

[1]The full context of the defense counsel's remarks as taken from page 72 of the record is set out, *supra.*

possibly cure the prejudicial error, thus eliminating the necessity for granting a mistrial. See *White* v. *Standard Oil Co.* (Marion Cty., 1962), 116 Ohio App. 213.

The record demonstrates in the case at bar that the instructions given the jury were not immediate and were not directed to the particular improper remarks of defense counsel. Rather than promptly instructing the jury to disregard the remarks, the trial court overruled the objection and motion for mistrial by counsel for plaintiff, and three days later in a general charge to the jury instructed them "* * * that if you should consider the question of damages, you will do so without regard to whether or not the defendant may or may not carry insurance for this accident because whether or not the defendant has insurance is not relative to the matter of damages to which the plaintiff may be entitled in this case."

The court's belated instruction directing the jurors to remain impartial after they have been exposed to deceptive, and potentially prejudicial extrinsic statements regarding defendant's insurance, is insufficient to remove the manifest prejudice of the remarks.

Accordingly, we find that prejudicial error was committed by the trial court; the judgment is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

KRENZLER, P. J., and DAY, J., concur.