I respectfully dissent.
"[I]t is * * * improper and prejudicial to attempt to influence a jury by the introduction of the fact that a defendant does not carry liability insurance." Cook v. Wineberry Deli, Inc. (July 17, 1991), Summit App. No. 14841, unreported, citing Stehura v. Short (1974), 39 Ohio App.2d 68. See, also, DuPriest v. Spatz (1971), 26 Ohio St.2d 264 (holding that after plaintiff's counsel had inquired on voir dire regarding prospective jurors' connection with an insurance company, it was improper for defense counsel to retort by informing the jury that the defendant was not insured). When defense counsel propounds a question on voir dire
examination implying that his client is uninsured, "only an immediate instruction by the court directing the jury to disregard the specific prejudicial statement can possibly cure the prejudicial error, thus eliminating the necessity for granting a mistrial." Stehura, supra, at 72-73, citing White v. Standard Oil Co. (1962), 116 Ohio App. 213. The reference to insurance (or no insurance) need not be specific to be improper; "phrases which, without using the word `insurance', nevertheless, effectively convey the impression that the defendant is uninsured." Stehura, supra, at 72.
Because the clear implication from defense counsel's questions in voirdire is that his client is uninsured, and the trial court overruled plaintiff's objection thereto, and did not therefore, give an immediate curative instruction, I would sustain appellant's second assignment of error and reverse and remand for a new trial.