WELLS R. (BOB) McCALL, JR. *v.*
CURTIS G. LIBERTY ET AL

5-5240                              453 S. W. 2d 24

Opinion delivered April 27, 1970

*Little & Lawrence* and *Duty & Duty,* for appellant.

*Paul Jackson* and *Lewis Epley,* for appellees.

LYLE BROWN, Justice. The appellee, Curtis Liberty, obtained judgment for injuries received when a pickup truck driven by appellant, Wells R. (Bob) McCall, Jr., overturned in a sharp curve. The court found that the relationship of host-guest existed between the parties and submitted the case on the issue of willful and wanton misconduct. Ark. Stat. Ann. § 75-913 (Repl. 1957). The sole point of error here advanced is that there was no substantial evidence of such conduct on appellant's part.

The accident occurred a few miles east of Eureka Springs on State Highway 62. These grown young men were life-long friends and resided not far from the scene of the mishap. In driving by appellee's home that afternoon, appellant noticed appellee was building a fence and stopped to visit. The two men worked together on the project until well after dark and then decided to obtain some beer at a tavern a few miles away. They left the tavern about midnight, the first mission being to take appellee home. Appellee did not reach his destination because of the mishap. He did not testify to any of the incidents we shall shortly summarize because severe brain damage obliterated his memory of the events. The abruptness of the curve, the tremendous speed of the vehicle, the midnight hour, appellant's drinking, and his familiarity with the curve—those were the evidentiary factors relied upon by appellee. We shall list and interpret them in the light most favorable to appellee:

(a) The posted maximum speed for the curve was 20 mph. Appellant's home was not far from the scene of the accident and he testified that he traveled this particular stretch of highway approximately five times per week. He should certainly have been familiar with the curve.

(b) There was testimony that in the general area of the scene of the accident there were other highway markers indicating numerous curves in the road. That fact should have alerted even a tourist that caution would be required in the area.

(c) The truck left 186 feet of skid marks on the pavement and 82 feet on the shoulder of the road. It knocked down a highway curb pole, turned over twice, slid on its top 51 feet, landed on its wheels, skidded 36 feet, and went through a fence to its final resting place. The truck traveled 355 feet from the point where the skid marks originated. A state policeman testified that the evidence indicated appellant was driving a *minimum* speed of 70 miles per hour. Under the above facts a jury could have found he was traveling considerably in excess of that speed.

(d) A state policeman testified that later in the morning he smelled alcohol on appellant's breath when the officer was driving him home from the hospital. The policeman did not know how much appellant had drunk prior to the accident. However the fact that he had been drinking could be considered by the jury along with the other facts which indicated recklessness on the part of appellant.

(e) Appellant told the patrolman that he wished the patrolman had stopped him earlier because then the accident would not have occurred. Appellant, in making that statement, was referring to the fact that the policeman had seen him driving on the wrong side of the road at a high rate of speed on the way to the tavern. However, after McCall pulled in at the tavern the officer decided to overlook the incident.

From a review of the recited evidence and the inferences reasonably deducible therefrom, we conclude that the trial court acted properly in submitting the question of willful and wanton misconduct to the jury. It is only when fair minded men could not differ as to the conclusions to be drawn from the evidence

that a plaintiff is entitled to an instructed verdict. *Harkrider* v. *Cox*, 230 Ark. 155, 321 S. W. 2d 226 (1959). We have been cited to no host-guest case wherein the facts are patently similar to the facts in the case at bar. That is the reason we have many times said that the issue of willful and wanton disregard has to be resolved from the facts and circumstances of each individual case. *McAllister* v. *Calhoun*, 212 Ark. 17, 205 S. W. 2d 40 (1947). However, we think the general test is met in the case before us, in that there was sufficient evidence of "a conscious failure to perform a manifest duty in reckless disregard of natural or probable consequences to the life or property of another." *Carden* v. *Evans*, 243 Ark. 233, 419 S. W. 2d 295 (1967); *Lee* v. *Watkins*, 246 Ark. 15, 436 S. W. 2d 479 (1969).

Affirmed.