Carl RAY, Individually, and as Administrator
of The Estate of Teri Leann
RAY, and Loretta K. RAY *v.*
Sherry D. MOCK

74-60                                      513 S.W. 2d 916

Opinion delivered September 30, 1974

*Tackett, Moore, Dowd & Harrelson,* for appellants.

*McMillan & McMillan,* for appellee.

CARLETON HARRIS, Chief Justice. This litigation relates to Ark. Stat. Ann. § 75-913 (Repl. 1957), the guest liability statute. Loretta K. Ray was injured and the two-year-old child of appellants was killed when the car in which they were riding with appellee, Sherry D. Mock, struck a tree and overturned. Carl Ray, Individually and as Administrator of the Estate of his young daughter, together with Mrs. Ray, instituted suit for damages against appellee, but after presentation of the evidence on their behalf to the jury, the trial court directed a verdict in favor of Mrs. Mock. From the judgment so rendered, appellants bring this appeal.

The proof reflects that Mrs. Ray and Mrs. Mock had made arrangements to meet their husbands in Pisgah, Arkansas to attend a musical performance on the night of May 5, 1972. The two ladies went to Pisgah in an automobile being driven by Mrs. Mock. Upon arrival, they were unable to locate their husbands, and apparently there was no musical being presented. After searching for the husbands, they finally saw them parked on the side of the road near Antoine. According to Mrs. Ray, appellee was rather "peeved" at her husband for his failure to be present at the meeting place and did not stop where the husbands were parked, but proceeded on toward Arkadelphia. The witness said that as they came into a curve, she observed that Mrs. Mock was driving "too fast"; that she looked at the speedometer and Mrs. Mock was driving 90 miles per hour; that this speed was attained on a straight stretch just before reaching the curve. Mrs. Mock lost control of the automobile and it crashed into a tree, killing the child. In their brief, appellants emphasize three acts in support of their contention that there was sufficient

evidence of wilful and wanton misconduct on the part of Mrs. Mock to send the case to the jury. It is first pointed out that appellee was peeved at her husband because she had been unable to locate him, and that this anger influenced her in operating the car at a high speed. Second, the testimony on the part of appellants reflects that Mrs. Mock was driving up to 90 miles per hour and had passed a sign indicating a curve and a 45 mile per hour suggested safe speed just prior to the collision. Thirdly, it is observed that Mrs. Ray testified that she told appellee "She couldn't make the curve going that fast, and she could slow down, or she could let me and the baby out."

We are of the view that the trial court erred in granting the directed verdict. In *McCall v. Liberty,* 248 Ark. 618, 453 S.W. 2d 24, this court, citing an earlier case, *Harkrider v. Cox,* 230 Ark. 155, 321 S.W. 2d 226 (1959), said:

"It is only when fair minded men could not differ as to the conclusions to be drawn from the evidence that a plaintiff is entitled to an instructed verdict."

The essence of an action under the host - guest statute is the requirement that a plaintiff prove wilful and wanton misconduct on the part of the defendant driver, and we have said that to constitute wilful misconduct, there must be a showing of "a conscious failure to perform a manifest duty in reckless disregard of natural or probable consequences to the life or property of another." *McCall v. Liberty, supra.*

Here, there was evidence that an upset or angry motorist was driving 90 miles per hour on a road containing curves, with a two-year-old child in the automobile, and we are definitely of the opinion that these circumstances presented a jury question, i.e., we feel that the situation was one wherein fair-minded or reasonable men could differ as to the degree of negligence. Of course, it may well be that appellee can present evidence which will convince the jury that Mrs. Mock's operation of the car was not wilful or wanton as that term has been construed — but again, this is a fact question, and accordingly one for a jury to determine, rather than the trial court.

Appellants also urge the court to adopt what they term the "modern trend of law" by holding that a two-year-old child, since it does not voluntarily accept a ride in an automobile, cannot be classified as a guest. Of course, if this contention be true, a showing of simple negligence on the part of appellee would be sufficient. A discussion of this point is unnecessary since this question was before the court in *Tilghman, Administrator* v. *Rightor,* 211 Ark. 229, 199 S.W. 2d 943, and we held that in defining a guest, the statute, presently Ark. Stat. Ann. § 75-914 (Repl. 1957)[1], makes no exception in favor of a minor, and it thus follows that appellants' contention is without merit.

In accordance with the reasoning set out under the first point, the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

It is' so ordered.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice, concurring. I concur because of an additional fact not mentioned by the majority. To me, the real evidence of wilfulness and wantonness on the part of appellee was the testimony of Mrs. Ray about her protest just before the disastrous event. This testimony tended to show:

> Mrs. Mock had honored a previous protest about her speed on a curve registered by Mrs. Ray. In a straight stretch approaching the curve where Mrs. Mock lost control of the vehicle, Mrs. Ray, observing that Mrs. Mock was increasing the speed and that the speedometer then registered 90 miles per hour, asked Mrs. Mock to slow down, told her she couldn't make the curve at that speed and requested that Mrs. Mock either slow down or let her and the baby out of the vehicle. Mrs. Ray made the protest 30 seconds before appellee's car entered the curve.

If Mrs. Ray's testimony is to be believed, Mrs. Mock

---

[1]This statute is identical with § 1303, Pope's Digest of the Statutes of Arkansas, in effect when *Tilghman* was decided.

travelled at least three-quarters of a mile on a straight stretch after the protest was made without responding to it in any way. This to me is evidence of both wilfulness and wantonness, but without it I am at least doubtful that we could say that the circuit judge erred.