ELLIS *v.* FERGUSON.

5-3388 385 S. W. 2d 154

Opinion delivered December 7, 1964.

[As amended on denial of Petition for Rehearing January 18, 1965.]

*Barrett, Wheatley, Smith & Deacon,* for appellant.

*Carmack Sullivan* for appellee.

JIM JOHNSON, Associate Justice. This appeal questions the sufficiency of evidence to support a judgment under the Guest Statutes.

On April 18, 1961, appellee Shelby C. Ferguson was a guest in an automobile driven by appellant H. M. Ellis and owned by Bon McCourtney. They were proceeding south from Hardy toward the Udell Motel for the purpose of attending, as attorneys, a criminal hearing to be held at the motel. As appellant approached the motel, he slowed down and turned left across the highway toward the motel driveway, when his car was hit by one driven by J. L. Tyner.

Ellis and McCourtney filed suit against Tyner for personal injuries and property damage in the Northern District of Sharp County Circuit Court. Tyner asserted

a claim against Ellis and McCourtney. Ferguson filed an intervention, seeking to recover for personal injuries against Tyner, Ellis and McCourtney. All the various claims were settled except Ferguson's claim against Ellis and McCourtney under the Guest Statutes. This was tried before a jury on March 31, 1964. The court directed a verdict for McCourtney at the close of appellee's evidence. The jury returned a verdict for Ferguson against Ellis in the sum of $6,000.00. From judgment on the verdict comes this appeal.

For reversal appellant states that the trial court erred in refusing to direct the jury to return a verdict for him, contending that the evidence was insufficient as a matter of law to justify submission of the case to the jury.

The evidence on negligence is simply this: appellant slowed down to about ten miles an hour preparatory to making the left turn into the motel driveway. Appellant testified that he did not see the Tyner vehicle until a split second before the collision, although it is undisputed that he looked south. It was also undisputed that appellant's view to the south was impaired by a low spot in the road. Appellee testified that he saw Tyner's car both before it entered and after it emerged from the low spot, assumed that appellant also saw it, and gave no warning of the car's approach. Appellee testified that Tyner was traveling sixty to seventy miles an hour, whereas Tyner testified that his speed was about fifty miles an hour. Testimony was disputed as to whether appellant had his turn signal on.

We have consistently held that whether an automobile is being operated in such a manner as to amount to wanton or willful conduct in disregard of the rights of others must be determined by the facts and circumstances in each individual case. *Splawn* v. *Wright*, 198 Ark. 197, 128 S. W. 2d 248.

Wantonness is essentially an attitude of mind and imparts to an act of misconduct a tortious character, such

conduct as manifests a "disposition of perversity." Such a disposition or mental state is shown by a person, when, notwithstanding his conscious and timely knowledge of an approach to an unusual danger and of common probability of injury to others, he proceeds into the presence of danger, with indifference to consequences and with absence of all care. *Jenkins* v. *Sharp,* 140 Ohio St. 80, 42 N.E. 2d 755.

It is equally well settled that one who willfully and wantonly, in reckless disregard of the rights of others, by a positive act or careless omission exposes another to death or grave bodily injury, is liable for the consequences, even if the other was guilty of negligence or other fault in connection with the causes which led to the injury. It is not necessary to prove that the defendant deliberately intended to injure the plaintiff. It is enough if it is shown that, indifferent to consequences, the defendant intentionally acted in such a way that the natural and probable consequence of his act was injury to the plaintiff. There is a "constructive intention as to the consequences, which, entering into the willful, intentional act, the law imputes to the offender, and in this way a charge which otherwise would be mere negligence, becomes, by reason of a reckless disregard of probable consequences, a willful wrong." *Baines* v. *Collins,* 310 Mass. 523, 38 N.E. 2d 626, 138 A.L.R. 1123.

Viewing the facts in the case at bar in the light most favorable to the jury verdict, and applying the foregoing rules which are as liberal as can be approved short of judicial repeal of the Guest Statutes, we cannot escape the conclusion that while there was evidence here which would have sustained a finding of simple negligence there was no substantial evidence of the willful and wanton misconduct denounced in Ark. Stat. Ann. §§ 75-913 and 75-915.

Reversed and dismissed.