Lloyd J. LAWRENCE, as Guardian
and Next Friend of
Joseph Scott LAWRENCE, A Minor
*v.* Edward MEUX

84-68                                    669 S.W.2d 464

Opinion delivered May 29, 1984

*Robert R. Cortniez,* for appellant.

*Bailey, Trimble, Pence & Sellars,* by: *Rick Sellars,* for appellee.

JOHN I. PURTLE, Justice. The trial court dismissed appellant's claim for compensatory and punitive damages resulting from the alleged willful and wanton conduct of appellee. For his appeal appellant argues the court erred in granting a directed verdict on the issue of willful and wanton negligence. We agree with the trial court.

Appellant, a 16 year old male, was one of several passengers in a vehicle owned and driven by appellee when it was involved in a collision with another automobile. Appellant received serious injuries. The undisputed evidence was that appellee was driving between 55 and 70 mph in a 45 mph zone on a damp paved street immediately before the occurrence. A passenger may have asked appellee to slow down but there is no proof that appellee heard the request. The collision occurred about 190 feet east of the crest of a hill at an intersection with a connecting street. Appellee was familiar with the geographical area as he had traveled it many times before. The appellant took no action directed at getting appellee to reduce his speed or otherwise change his conduct.

Appellant sued both drivers but at the first trial he dismissed as to appellee. The jury returned a defendant's verdict. By agreement of the parties the testimony from the first trial was submitted to the court as the record in the trial. The only witness called at the second trial was the appellee.

Appellant argues the court erred in failing to submit the issue as a jury question. When this contested hearing commenced the court stated: "It's been set down for trial this afternoon." At the conclusion of the proceeding the court asked: "Is there anything else you want to put in the record before we close this out?" The only request by appellant's counsel was that the court make specific findings of fact in regard to this particular case. Also, he requested a specific finding on speed. In rendering the opinion from the bench the court said: "But I don't think when all the facts when taken together constitute the degree of negligence required to impose liability on Mr. Meux." The judgment recited that "all parties [were] prepared for trial." The court further stated in the judgment that after hearing the evidence introduced by the plaintiff, the defendant's motion to dismiss the complaint was granted. The judgment recited that: "a jury was waived by all parties, and it was stipulated that the case be submitted to the Judge sitting as a jury."

The judgment on its face is valid. It reveals the court made a determination after hearing all the evidence presented by the plaintiff. The parties stipulated that the case would be heard by the court without a jury. The appellant's argument that the hearing was in the nature of a pretrial hearing is without foundation in the record. Furthermore, appellant did not ask to reopen the case or ask for a new trial. Under the circumstances we cannot go behind the record of judgment. The issue presented to the court was a factual one and we will not set aside the judgment if there is substantial evidence to support it.

This case was tried under the now repealed "guest statute" (Ark. Stat. Ann. § 75-913) which required a guest to prove the vehicle "was wilfully and wantonly operated in disregard of the rights of others." This is a matter to be determined by the trier of facts.

This court has consistently held that the fact issue of whether an automobile is being operated in such a manner as to amount to wanton or willful conduct in disregard of the rights of others should be determined by the facts and circumstances in each individual case. *Ellis* v. *Ferguson*, 238

Ark. 776, 385 S.W.2d 154 (1964). The *Ellis* court held that the law requires a showing that a person charged with such conduct, notwithstanding his conscious and timely knowledge of an approach to an unusual danger and the probability of injury to others, proceeds into the presence of such danger with indifference to the consequences and with absence of care. It is not necessary to prove that the defendant deliberately intended to cause injury to others. It is sufficient to show that he was indifferent to the consequences and intentionally acted in such a way that the probable result of his act was injury to the complaining party. The rule of this court is that in order to sustain a recovery under the guest statute the negligence must be greater than gross negligence. We have defined the difference between gross negligence and wanton and willful negligence. "Willful negligence means a failure to perform a manifest duty in reckless disregard of the consequences as affecting the life and property of another . . . Gross negligence falls short of being such reckless disregard of probable consequences as is equivalent to a willful and intentional wrong . . ." *Splawn, Adm'x.* v. *Wright,* 198 Ark. 197, 128 S.W.2d 248 (1939). Negligence alone, however gross, is not sufficient to justify an award under our guest statute. Before an award of punitive damages will be upheld there must be an element of willfulness or reckless disregard of the rights of the guest. *St. L. S. W. Ry. Co.* v. *Owings, Adm'x.,* 135 Ark. 56, 204 S.W. 1146 (1918).

Under the circumstances and facts of this case we are of the opinion that there was substantial evidence supporting the judgment of the trial court in rejecting the appellant's claim. Therefore, the case will be affirmed.

Affirmed.