Paul C. LOU and WALGREENS COMPANY
*v.* Charlotte SMITH

84-281                                                    685 S.W.2d 809

Supreme Court of Arkansas
Opinion delivered March 18, 1985

*Wright, Lindsey & Jennings,* for appellant.

*Raymond R. Abramson,* for appellee.

DARRELL HICKMAN, Justice. Paul C. Lou, a pharmacist with twelve years experience, received a prescription calling for the drug Reglan, at a dosage of 1 milligram, four times daily. Because Lou had only 10 milligram tablets of the drug, and because he assumed the prescription was for an adult and that the doctor had made an error, he wrote in a zero after the "1" on the prescription slip so that it prescribed 10 milligrams, four times a day. It was, in fact, a prescription for Charlotte Smith's four month old daughter, Sarah. When Mrs. Smith returned home that evening and gave Sarah the dosage, she suffered severe reactions. The child was taken to the hospital immediately and survived apparently without permanent injury. Charlotte Smith, her husband, and Sarah filed suit against the pharmacist and his employer, the Walgreens Company, for damages. The jury returned a verdict awarding compensatory damages to the mother in the amount of $3,250, $2,000 for the daughter, and punitive damages in the amount of $3,750 in favor of the mother, father and the daughter. On appeal there is only one real issue and that is whether the court was right in allowing the jury to consider awarding the mother damages for mental anguish alone when she suffered no physical injuries. We affirm the judgment.

The appellee filed suit for damages based on the allegation that Charlotte Smith had suffered mental anguish which was caused by the willful and wanton misconduct of the pharmacist with his company liable as his employer. As early as 1920 we recognized that there is a right to recovery for mental anguish without contemporaneous physical injury where the anguish resulted from a willful wrong directed at a person other than the plaintiff. *Rogers v. Williard*, 144 Ark. 587, 223 S.W. 15 (1920).[1] While we denied the parents of a child any recovery for mental anguish in a case a year later, *Miles v. American Railway Express Co.*, 150 Ark. 114, 233 S.W. 930 (1921), it was because there was no willful misconduct, only negligence.

In *M.B.M. Co. v. Counce*, 268 Ark. 269, 596 S.W.2d 681 (1980), we traced the law regarding recovery for mental

---

[1] In *Rogers* there was bodily injury *resulting* from the emotional disturbance.

anguish and reaffirmed the common law rule that "there can be no recovery for fright or mental anguish caused by mere negligence, but a recovery may be had where fright or mental anguish is caused by willful conduct." *Counce* extended the law to allow recovery for intentional or willful and wanton misconduct which results in emotional disturbance without any physical consequences whatsoever. See also R. Leflar *Mental Suffering and Its Consequences - Arkansas Law,* 7 Ark. L.S. Bull. 43 (1937).

This case does not present some of the problems often encountered in cases where the wrongful conduct is not directed at the plaintiff such as determining the relationship between the plaintiff and the victim or the proximity of the plaintiff to the injury. Here, the plaintiff is the mother of the child who was injured by the wrongful conduct in her presence. The father, who was not present, did not seek damages for his suffering. Therefore, we only have to determine whether there was indeed willful and wanton misconduct in this case.

The appellants argue that Lou's conduct in adding the zero was mere negligence rather than willful and wanton misconduct. The evidence revealed that Lou received the prescription from Tammy Kelly, Charlotte Smith's friend, who was holding a baby at the time and had several children with her. The prescription slip had a blank for the patient's age which was not filled in. Lou conceded that he did not ask the age but could have. He said that he did not call the doctor because it was after five o'clock, and that when prescriptions are for children, they are usually prescribed in liquid form. Lou maintained that the doctor in this case should have instructed him to prepare the dosage in syrup form. However, Lou admitted that he knew at the time how to convert a 10 milligram tablet into a one milligram dose. Lou testified that he knew of the dangerous consequences of a Reglan overdose.

The appellee presented a pharmacist as an expert witness who testified that the prescription could have been filled as written and that altering a prescription under these circumstances violated the standards of practice. The

prescribing doctor testified that the prescription could have been filled by suspending it in syrup and that if Lou had been unable to fill the prescription as written, he should have telephoned the doctor or refused to fill it. He said that where a pharmacist alters a prescription so that the dosage is changed, that is totally unacceptable.

In *Ellis* v. *Ferguson*, 238 Ark. 776, 385 S.W.2d 154 (1964), we described willful and wanton misconduct:

> . . . . [O]ne who willfully and wantonly, in reckless disregard of the rights of others, by a positive act or careless omission exposes another to death or grave bodily injury, is liable for the consequences, even if the other was guilty of negligence or other fault in connection with the causes which led to the injury. It is not necessary to prove that the defendant deliberately intended to injure the plaintiff. It is enough if it is shown that, indifferent to consequences, the defendant intentionally acted in such a way that the natural and probable consequence of his act was injury to the plaintiff.

As a matter of law the court was right in submitting the issue to the jury and on appeal if there is substantial evidence to support the finding of the jury, we affirm. *E.I. DuPont De Nemours and Co.* v. *Dillaha*, 280 Ark. 477, 659 S.W.2d 756 (1983). We conclude there is substantial evidence which would support a finding that the appellants were guilty of willful and wanton misconduct.

The appellants argue that since there was no willful and wanton misconduct the award for punitive damages should have been dismissed. They concede that this argument depends upon our answer to the first argument. Since we have found substantial evidence that Lou's conduct was willful and wanton, the appellants cannot prevail on this issue.

The appellee cross-appeals on the issue of whether the court was right in refusing to allow her to introduce the financial worth of the defendants. It is not a true cross-

appeal. The appellee does not request us to reverse the case. She only requests that if we reverse, we rule in her favor on this issue. Therefore, we do not address the issue. *Myers* v. *Muuss*, 281 Ark. 188, 662 S.W.2d 805 (1984).

Affirmed.